No. 19,339.

EMIL GEPPELT, *Appellee*, v. THE MIDDLE WEST STONE COMPANY et al., *Appellees;* THE ALLIS-CHALMERS COMPANY, Interpleader, *Appellant.*

SYLLABUS BY THE COURT.

1. MECHANIC'S LIEN—*Machinery Partially Attached to Realty—Lien Attaches to the Whole.* Where the base of a heavy piece of machinery has been bolted to a concrete foundation, and its principal parts have been placed in position, the whole may be regarded as attached to the realty so as to be covered by a mechanic's lien, notwithstanding some portions of it have not been fitted into place.

2. SAME—*Two Stone Crushers—Only One Attached to Realty—* *No Mechanic's Lien on One Not Attached.* Where two stone crushers are purchased for use together as parts of the same plant, the physical attachment to the realty of one does not result in the constructive attachment of the other, notwithstanding both are necessary to the operation of the plant.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed March 6, 1915. Modified.

*Travis Morse,* and *G. E. Pees,* both of Iola, for the appellant; *Gardiner Lathrop, Thomas R. Morrow, John M. Fox,* and *Samuel W. Moore,* all of Kansas City, Mo., of counsel.

*R. H. Bennett,* and *R. E. Cullison,* both of Iola, for appellees The Inland Steel Company and R. E. Laidley.

*J. S. Taylor,* of Iola, for appellee The Structural Steel Company.

*H. A. Ewing, S. A. Gard,* and *G. R. Gard,* all of Iola, for appellee Paul Klein.

The opinion of the court was delivered by

MASON, J.: In litigation over the enforcement of mechanic's liens an appeal was taken to this court, which resulted in a final disposition of the controversy except as to one issue, upon which a new trial was ordered. That issue was whether two stone crushers had ever been actually attached to the realty. (*Geppelt v. Stone Co.,* 90 Kan. 539, 135 Pac. 573.) Upon the new trial the district court decided that they had been so attached and gave judgment accordingly. This decision is now appealed from.

The case must be determined by the legal effect of these findings of the trial court, which, although challenged by the appellant, are found to be supported by the evidence: The two crushers combined, with their equipment, constituted a stone-crusher plant. They were purchased for that specific purpose and constituted a unit, this being understood by both buyer and

seller. The purchaser constructed concrete foundations for such plant, bolted the base of the larger crusher thereto, and assembled the portions of this crusher to their proper places. "The stone crusher plant in question, complete, requires two crushers, a large one to reduce the rock in size, and a smaller one to make the finished product, connected by a chute from the larger to the smaller, the larger being so erected as the material by gravity will run from the larger to the smaller crusher—the whole being a unit for the purpose of the manufacture of the commodity of crushed rock as before stated, each part being essential and indispensable to a complete plant as intended."

From these findings it appears that when work was suspended the base of the larger crusher was physically attached to the foundation, and that its various parts were in the process of being fitted into place, but that the smaller crusher was not attached to the realty, unless upon the theory that it was a part of a single unit, the actual attachment of a large part of which resulted in a constructive attachment of the whole. We think this principle of constructive attachment may be applied to any portions of the large crusher which had not been placed in position. (19 Cyc. 1045, note 51.) But we can not regard it as applicable to the smaller crusher. Notwithstanding the contemplated use of the two crushers in connection with each other, and notwithstanding the necessity of each to an efficient plant, the smaller crusher was in fact a complete piece of machinery, capable of separate and independent operation. Until it or some considerable part of it was actually affixed to the base it remained personal property.

The cause is accordingly remanded with directions to modify the judgment so far as it relates to the smaller crusher.