Machine Co. v. Elevator Co.

No. 19,966.

The St. Marys Machine Company, *Appellee*, v. The Iola Mill & Elevator Company et al. (Caroline Frantz, Intervenor, *Appellant*).

### SYLLABUS BY THE COURT.

1. Mechanic's Lien—*Machinery Unattached to Building—Not Part of Realty.* Machinery purchased for use in a mill, intended to be permanently fastened in place by bolts, does not ordinarily become a part of the realty until the physical attachment is accomplished. And where such machinery is sold under a contract reserving title in the vendor until payment is made, it does not become subject to a mechanic's lien, notwithstanding the contract is not filed for record until after the lien has accrued and the machinery has been deposited in the building, provided such record is made before it is set up and. fastened in place.

2. Sale—*Machinery—Contract Reserving Title—Purchaser with Notice.* Under the circumstances stated, one who, with notice of the existence of the contract, purchases the real estate at a sheriff's sale based on the judgment in an action foreclosing the mechanic's lien, acquires thereby no title to the machinery.

Appeal from Allen district court; Oscar Foust, judge. Opinion filed March 11, 1916. Affirmed.

*Charles H. Apt,* and *Frederick G. Apt,* both of Iola, for the appellant.

*S. N. Hawkes,* of Topeka, for the appellee.

The opinion of the court was delivered by

Mason, J.: The St. Marys Machine Company sold two gas engines to the Iola Mill & Elevator Company, under a written contract providing that title should remain in the vendor until the purchase price was paid. Payment was not made, and the seller brought replevin for the engines, which in the meantime had been set up and bolted to concrete bases in a building erected by the buyer. Caroline Frantz, who by a sheriff's deed had acquired title to the building, intervened and claimed the engines as a part of the real estate. The plaintiff recovered, and the intervenor appeals.

The sheriff's deed was based upon a judgment foreclosing

a mechanic's lien. The machinery must be regarded as having become attached to the realty so as to pass with it, unless this result was precluded by the existence and record of the contract reserving title in the plaintiff. The contract was filed with the register of deeds on June 29, 1910. The engines were delivered to the mill company and deposited in the building March 6, 1910, but they were not set up or fastened to the bases until the following December. The statement for the mechanic's lien was filed March 22, 1910. The action to foreclose it was begun February 6, 1911, the machine company not being a party, and judgment was rendered in July of the same year.

(1) The engines were not made a part of the real estate by merely depositing them in the building. To change their character as personalty it was necessary that they should be set up and permanently attached. The contract reserving to the machine company the title to the engines had no validity as against any one acquiring a claim upon them before it was filed for record. But no claim to them was asserted except by virtue of proceedings which affected only real estate, and irrespective of the contract they were personal property until they were set up and bolted to the floor, in December, 1910. Before this time the contract had been made of record, and being thereby validated, it prevented their becoming a part of the realty so as to be subject to any then existing lien. These conclusions are not only consistent with what has been decided in a somewhat similar case, but are regarded as following from what was there said. (Geppelt v. Stone Co., 90 Kan. 539, 135 Pac. 573, 94 Kan. 560, 146 Pac. 1157.)

(2) While there is some conflict on the subject, we think the better view, as well as that supported by the weight of authority, is that a valid agreement between the owner of personal property, who is guilty of no misconduct or concealment, and the owner of the real estate to which it is annexed, that its character as personalty shall not thereby be affected, binds not only these parties, but all other persons, unless an exception be made in favor of purchasers for a valuable consideration without notice. (19 Cyc. 1050-1055; Note, 49 L. R. A., n. s., 396.) A buyer of land sold at a sheriff's sale may

30—97 Kan.

sometimes be regarded as an innocent purchaser.  (*Lee v. Bermingham,* 30 Kan. 312, 1 Pac. 73.)   But the intervenor in this case can not be accorded that standing.   There was testimony that she was represented in the matter by her husband, who knew of the existence of the contract.   Moreover the petition in the action on which the sale was based recited that the machine company claimed a lien under a chattel mortgage. The evidence justified a finding, which the trial court must be deemed to have made, that the property was bought with notice of the machine company's rights.

The judgment is affirmed.