No. 20,008.

THE WICHITA ACETYLENE MANUFACTURING COMPANY, *Appellee*, v. JOHN HAUGHTON, *Appellant*.

SYLLABUS BY THE COURT.

1. RULINGS—*Made After Appeal—Not Subject to Review.* Rulings of the trial court can not be reviewed in an appeal which was perfected before they were made.

2. HOMESTEAD—*Improvements—Exemptions—Journal Entry.* Language of a journal entry, to the effect that the obligation sued on was found to have been contracted for the erection of improvements on a home, held to show a judgment that the homestead was not exempt from sale for its payment.

3. SAME—*Obligations Incurred for Improvements—Never Attached to Homestead—No Lien on Homestead.* The provision of the constitution, that no property shall be exempt from sale for the payment of obligations contracted for the erection of improvements thereon, does not apply to a claim for material furnished for the improvement of a homestead, but not actually used for that purpose.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed March 11, 1916. Modified.

*Owen S. Samuel,* and *Oscar B. Hartley,* both of Emporia, for the appellant.

*E. L. Foulke, C. A. Matson, J. D. Wall,* all of Wichita, *L. E. Clogston,* and *R. H. Clogston,* both of Eureka, for the appellee.

The opinion of the court was delivered by

MASON, J.: The Wichita Acetylene Manufacturing Company sued John Haughton for the price of a lighting plant, including its installation. The defendant denied liability. A

jury trial resulted in a verdict against him on October 28, 1914. A motion for a new trial was overruled on November 27, 1914, at which time judgment was rendered. The journal entry of the proceedings on that day, after reciting the ruling on the motion, continues: "The Court further finds that the cause of action involved in this case and the verdict of the jury rendered herein was on an obligation contracted for the erection of improvements on Defendant, John Haughton's home described in plaintiff's petition." The remainder of the entry recites merely a money judgment for the amount of the verdict. On February 19, 1915, the defendant appealed from the judgment.

(1) It appears that after the appeal was taken (no stay bond having been given) an execution was issued, upon which the property referred to has been sold, the sale having been confirmed on July 7, 1915. The defendant complains of the confirmation of the sale; but if that ruling would otherwise be open to review, it is not a proper subject of consideration in this proceeding, because it was made after the present appeal was perfected. (4 Enc. L. & P. 330.)

(2) The only other matter complained of is the inclusion in the entry of judgment of the words quoted in the foregoing statement. The plaintiff contends that they constitute no part of the judgment itself, but a mere finding of fact, which is not open to examination here, because no motion was made in the district court with regard to it. In view of the entire record, we think the words referred to must be regarded as recording the decision of the court upon a question of law affecting the means open for the enforcement of the plaintiff's claim, and therefore as being a substantial part of the judgment rendered. The pleadings and instructions, as well as the evidence, show that while the material for the purpose was delivered to the defendant, the lighting plant never was installed; the generator was never set up—never placed upon a foundation—nor were the fixtures attached. The cause of action pleaded was based upon the refusal of the defendant to allow the installation. On the undisputed facts the material did not become a part of the realty. (*Machine Co. v. Elevator Co.*, ante, p. 464. In this situation the language in question is fairly to be

34—97 KAN.

construed as a declaration, as a matter of law, that the debt to be enforced was one contracted for the erection of improvements on the defendant's homestead, within the meaning of the exception, on that ground, incorporated in the provision of the state constitution exempting a homestead from forced sale. (Const., art. 15, § 9.) That is a matter which may be adjudicated in an action for a money judgment. (See *King v. Wilson,* 95 Kan. 390, 148 Pac. 752.) And the apparent intention of the court in this instance was to decide that question, there being otherwise no purpose in referring to the matter in the journal entry. Such a decision, in the circumstances stated, forms a part of the final judgment, and is open to challenge on appeal without having been attacked in the trial court. (*Comm'rs of Wyandotte Co. v. Arnold,* 49 Kan. 279, 30 Pac. 486.)

(3) Whether the decision was correctly made depends upon the construction of the language of the constitutional provision. Read literally it might cover such a case as the present, for, in a sense, an obligation may be contracted for the erection of improvements which are never in fact made. But the accepted rule is to construe an exception to the exemption with some strictness. (21 Cyc. 518.) Our statute gives a mechanic's lien to one who furnishes material "for the erection" of improvements on real estate. (Civ. Code, § 649.) This is held to apply only where the material actually becomes a part of the realty, although somewhat similar statutes have been given a different construction elsewhere. (*Lumber Co. v. Douglas,* 89 Kan. 308, 131 Pac. 563.) If any distinction is to be made, a provision limiting the homestead right should be more strictly construed than one giving a lien to material men. We conclude that a homestead may not be sold to satisfy a judgment for materials furnished for its improvement unless they were actually used for that purpose.

The judgment will be modified by striking from it the language quoted, leaving it as one merely for the recovery of money, the question of exemption not being determined.