No. 25,245.

C. P. BAXTER, *Appellee*, v. (THE CHERRYVALE OIL COMPANY et al.), THE BEELER & CAMPBELL SUPPLY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

MECHANIC'S LIEN—*Each Sale of Materials Constituted Separate Contract—No Lien for Items Furnished More than Four Months Before the Filing of Lien Statement.* A prior decision holding that, in the circumstances presented, each sale of materials constituted a separate contract is held also to decide that no lien against an oil and gas lease could be maintained for any item furnished more than four months before the filing of a lien statement.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed November 8, 1924. Affirmed.

*Chester Stevens,* of Independence, for the appellant.
*Hugo T. Wedell,* and *John J. Jones,* both of Chanute, for the appellee.

The opinion of the court was delivered by

MASON, J.:    This case involves a contest of priority between C. P. Baxter, as mortgagee of an oil and gas lease, and the Beeler & Campbell Supply Company, claiming a lien under R. S. 55-207 against the lease for material furnished. On a former appeal it was held that in the circumstances presented several invoices of goods sold at different times were to be treated as furnished under so many separate contracts, and the cause was remanded with a direction to find the amount of the company's superior lien on this theory, unless the parties should agree upon it. (*Baxter v. Oil Co.*, 111 Kan. 621, 208 Pac. 568.) The district court in applying this direction allowed the company a lien for $304.03, being the price of material sold March 25, 1918. The next earlier item was dated March 12 and the next subsequent April 24. The trial court obviously rejected the later items because they were furnished after

the mortgage had been given, and the earlier ones because they had been furnished more than four months before July 17, the date the lien statement was filed. On the former appeal the syllabus concluded with the words, "*Held,* that as each contract was a separate one, the furnishing of material under different contracts after the execution of the mortgage could not be tacked to the prior contract so as to give priority over the mortgage to the liens for additional material." Upon the strength of the language quoted, the appellant contends that while the prior decision determined that goods sold after the mortgage had been executed could not form the basis of a superior lien, the question was left open whether a lien could be sustained for items furnished more than four months before the filing of the statement. It having been decided that for the purpose of the case each sale of goods was to be regarded as a separate contract, it followed that no lien could be successfully claimed with respect to any item sold more than four months before a statement was filed. The text quoted in the original opinion in support of the view taken involved that very question, and the circumstance that the syllabus applied the rule expressly to the matter of the date of the mortgage, without mentioning the time of filing the statement, was not intended to suggest a different rule in that connection, nor do we think it fairly open to that interpretation.

The judgment is affirmed.