No. 25,553.

Unit Sash and Sales Company, *Appellant,* v. A. J. Early and
F. P. Bishop, Partners, etc., *Appellees.*

### SYLLABUS BY THE COURT.

1. Mechanic's Lien—*Materials Furnished Under Distinct Contract—Time for Filing Lien Not Extended by Second Separate Contract.* The time for filing a mechanic's lien for material furnished or labor performed under a distinct contract is not extended by a second separate contract, although made between the same parties and relating to the same building. To secure a lien under either, the claim must be filed for what was furnished or done under each contract within the statutory time after its completion.

2. Same—*Materials Not Subject of Lien Unless They Entered Into Construction of Building.* To uphold a lien for material purchased for a building on the land of the owner it must appear that it entered into the construction of the building and became a part of the realty.

Appeal from Chautauqua district court, division No. 2. George J. Benson, judge. Opinion filed January 10, 1925. Affirmed.

*J. W. Dalton,* of Sedan, for the appellant.
*R. O. Robbins,* of Sedan, for the appellees.

The opinion of the court was delivered by

Johnston, C. J.: This was an action by a subcontractor to enforce a mechanic's lien for material furnished and work performed in the improvement of real property. A personal judgment against the principal contractor was rendered, but the lien claimed against the real property was refused. Plaintiff appeals.

It appears that Early & Bishop entered into a contract with Edwin Shelby to construct a business house on lots they owned in Cedarvale. The Unit Sash and Sales Company, of Lincoln, Neb., contracted with Shelby to furnish the material for the front of the store building and to install the same. The plaintiff made designs for the front, listed the materials that were deemed to be necessary to construct the front, fixed the price thereof, and the agreed prices for the material specified amounted to $760, and to this was added $76 for installation of the materials, and it was agreed that plaintiff should have $836 for the material and work. The specified materials were furnished on August 25, 1921, and the installation was completed on September 15, 1921, but Shelby failed to pay for the material or work and a claim for a mechanic's lien was filed, but not within the

lien period of sixty days, nor until January 7, 1922. To complete the store front Shelby purchased from plaintiff certain copper moldings at the cost of $25, and these were shipped from Lincoln, Neb., on November 7, 1921, and arrived in Cedarvale on November 9, 1921. The added material was placed on the premises of defendant at the time it was received, but Shelby had left the community and the moldings were never built in or made a part of the store building.

In behalf of plaintiff it is contended that the last order or contract of purchase of the molding may be tacked to the original contract and in that way revive the expired lien for the original purchase. If the materials had been furnished on a running account or upon a single continuous contract, plaintiff's claim, if filed within the statutory period after the last item was furnished, would warrant the claiming of a lien on the whole, but if the material was furnished and work performed upon separate contracts the time of filing could not be extended by furnishing material or performing labor under a second and distinct contract and the attempt to tack the same to the first. It has been said:

"Where labor or materials are furnished under separate contracts, even though such contracts are between the same persons and relate to the same building or improvement, the contracts cannot be tacked together so as to enlarge the time for filing a lien for what was done or furnished under either, but a lien must be filed for what was done or furnished under each contract within the statutory period after its completion." (27 Cyc. 144. See, also, *Baxter v. Oil Co.,* 117 Kan. 47, 230 Pac. 298; *Lumber Co. v. Hegwer,* 1 Kan. App. 623; 18 R. C. L. 931; *Henry & Coatsworth Co. v. Fisherdick,* 37 Neb. 207; *Lumber Co. v. Harris,* 107 Mo. App. 148.)

From the evidence it is manifest that the moldings were furnished under a separate contract. In fact, it was admitted by the representative of the plaintiff who made the design for the front and specified the material that the first purchased was upon the theory and belief that when the material agreed upon was furnished and installed the contract would be completed. His testimony was:

"Q. It was your intention, and it was your opinion given to Shelby at that time, that that would complete the front, and that for the sum of $760, plus $76 for installation, you would put that front in the store, and made that contract with him, didn't you? A. Yes, sir; according to his understanding."

In ordering the moldings Shelby sought to get a lower price than the one first quoted upon the ground that the moldings not included in the first purchase must come out of his own pocket. To this request the manager of the plaintiff wrote on October 18, 1921:

"We note that you say that the metal moldings that we recently quoted you are for yourself and come out of your own pocket. We have gone over this matter again and have figured it to make you the best price possible and find that we will be able to furnish it for $25, if the special bending does not cost us more than we hope it will. If this price will help you any we will be pleased to have your order."

The contracts, therefore, being separate and distinct, the time for filing the claim for the lien on the first contract expired long before a lien was asserted by plaintiff, and such time was not extended nor the expired lien revived by the second contract.

Was plaintiff entitled to a lien for the $25 for molding that was shipped to Cedarvale on November 7, 1921? It appears that the molding was never attached to the building and therefore never became a part of the realty on which the lien was sought. It has been determined that under the statute providing for liens, no lien can be allowed for material purchased for a building on the land of the owner unless it in fact goes into the building and becomes a part of the realty. (*Hill v. Bowers*, 45 Kan. 592, 26 Pac. 13; *McGarry v. Averill*, 50 Kan. 362, 31 Pac. 1082: *Lumber Co. v. Douglas*, 89 Kan. 308, 131 Pac. 563; *Geppelt v. Stone Co.*, 90 Kan. 539, 135 Pac. 573; *Id.*, 94 Kan. 560, 146 Pac. 1157; *Machine Co. v. Elevator Co.*, 97 Kan. 464, 155 Pac. 1077; *Manufacturing Co. v. Haughton*, 97 Kan. 528, 155 Pac. 1078.)

It follows that the judgment of the district court must be affirmed.