No. 32,494

THE DOTSON-MURRAY FRUIT COMPANY, *Appellant*, v. CHRIST
LEIBRAND, *Appellee.*

(53 P. 2d 487)

Opinion filed January 25, 1936.

*Robert R. Hasty,* of Wichita, for the appellant.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith* and *C. H. Morris,* all of Wichita, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for money. Judgment was obtained by plaintiff. The trial court stayed further proceedings when plaintiff attempted to force the sale of defendant's homestead to satisfy the judgment. Plaintiff appeals.

On November 19, 1932, Christ Leibrand, defendant, filed his petition in bankruptcy. Among his assets he listed the land which is here in controversy. He claimed this land to be exempt as a homestead. Plaintiff filed its claim in the bankruptcy proceeding, and it was allowed. Thereafter the order allowing the claim was set aside on motion of plaintiff and the claim was allowed to be withdrawn to permit plaintiff to pursue its rights in the state courts. Proceedings on defendant's petition for discharge in bankruptcy were stayed by the referee.

On June 5, 1933, plaintiff commenced this action for $1,500. Judgment for that amount was entered. The judgment recites that defendant, Christ Leibrand, and Zenna Leibrand are husband and wife, and that Christ Leibrand is the record owner of the real estate in question here and lives on it as a homestead, and—

"That the sum for which judgment is entered herein, to wit, fifteen hundred (1,500) dollars, is the agreed balance due for moneys furnished by the plaintiff to the defendant, Christ Leibrand, for the erection and equipping of green-

houses and other improvements upon the above-described property, and that said money was actually used in the erection and equipment of greenhouses and other improvements thereon."

After rendition of the judgment defendant filed a motion calling attention to the bankruptcy proceedings and asking that, pursuant to R. S. 60-3601, further proceedings be stayed. At the hearing it was shown that in the bankruptcy proceeding creditors of defendant listed claims totaling $2,220.23, including the claim of plaintiff, which amounted to $1,600. The court allowed the motion and stayed all further proceedings. The effect of this order was to prevent plaintiff from selling the real estate in question to satisfy the judgment. Plaintiff appeals from this order.

R. S. 60-3601 reads, in part, as follows:

"That in any action in which any judgment has been or may hereafter be rendered against any person or persons in any of the courts of this state, and such person or persons shall have applied to the proper court for his or their discharge under the act of congress approved July 1, 1898, entitled 'An act to establish a uniform system of bankruptcy throughout the United States,' and shall file his or their affidavit or affidavits of such fact, with the certificate of any referee in bankruptcy or the clerk of the district court of the United States, it shall be the duty of the court to make an order in such case that no execution, order of arrest or other process shall issue on the same, and no sale of lands or personal property shall be confirmed, but the same shall be set aside and held for naught."

Plaintiff argues that the facts of this case do not come within the provisions of this statute. It points out section 9 of article 15 of the constitution of the state. That section is as follows:

"A homestead to the extent of one hundred and sixty acres of farming land, or of one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, together with all the improvements on the same, *shall be exempted from forced sale under any process of law,* and shall not be alienated without the joint consent of husband and wife, when that relation exists; *but no property shall be exempt from sale* for taxes, or *for the payment of obligations contracted for* the purchase of said premises, or for *the erection of improvements thereon: Provided,* The provisions of this section shall not apply to any process of law obtained by virtue of a lien given by the consent of both husband and wife." (Italics ours.)

See, also, R. S. 60-3501, to the same effect.

The terms of the judgment have already been referred to here. The court found that the money for which judgment was given had been furnished by plaintiff to defendant for the erection of improvements on the land in question and had been actually used for that

purpose. Plaintiff points this out and then calls attention to that portion of the homestead exemption which reads:

"But no property shall be exempt from sale . . . for the payment of obligations contracted . . . for the erection of improvements thereon."

The argument of plaintiff is that the real estate sought to be sold under execution is not exempt to defendant because the money for which the judgment was rendered was furnished for the erection of improvements on the land in question; that since this is true, the action of the bankruptcy court had no effect on it whatever and R. S. 60-3601 has no application. The argument is that plaintiff is in just as favorable a position as though it had a lien on the property. We shall examine that question.

In *Andrews v. Alcorn,* 13 Kan. 351, this court held that a homestead might be sold to satisfy a judgment for the unpaid purchase price. In that case, however, the action was brought by the person who had actually furnished the money, that is, the money went directly from the plaintiff to the purchaser of the land. In *Greeno v. Barnard,* 18 Kan. 518, this court said:

"As to purchase-money, the homestead is just like any other real estate, and governed by the same rule as other real estate." (p. 521.)

In that case, however, the notes sued on had been given to plaintiff as part of the purchase price of the land sought to be sold.

In *Tyler v. Johnson,* 47 Kan. 410, 28 Pac. 198, this court held that where a lumber company had obtained judgment for the purchase price of lumber and building material used to make improvements on land occupied as a homestead, the land could be sold to satisfy the judgment. In that case it will be noted that the action was brought by the firm which had actually furnished the building material.

In *Manufacturing Co. v. Haughton,* 97 Kan. 528, 155 Pac. 1078, the action was brought by a company to recover the purchase price of a lighting plant. The plant was to have been installed on property held as a homestead. This court denied plaintiff the right to sell the land to satisfy the judgment on the ground that the plant had never actually been installed and become part of the real estate. Language was used indicating that this court was of the opinion that a homestead might be sold to satisfy a judgment for materials furnished for its improvement where the materials were actually used for that purpose. In that case, however, the action was brought by the company that had actually furnished the material.

In *Bank v. Pickering,* 111 Kan. 132, 205 Pac. 1110, the plaintiff bank had furnished the defendant the money with which a farm was purchased. The action was to recover this money. Judgment was obtained. The plaintiff sought to collect the judgment by selling the land under an execution even though it was claimed as a homestead. This court held that the homestead could be sold. In that case the action was brought by the bank which had furnished the money and the money had gone directly from the bank to defendant.

We have reviewed the decisions of this court on the point in question because it does not appear that the exact situation has ever been passed on. The question is, Is this an obligation contracted for the erection of improvements on this real estate? Were the plaintiff the company which actually furnished the material the question would be in the affirmative. That is not the case. The plaintiff furnished the money and defendant paid it to the materialman. We have said that an exception to the homestead exemption statute should be strictly construed in favor of the one claiming the exemption. (See *Manufacturing Co. v. Haughton,* supra.) In the case of *Lewton et al. v. Hower,* 18 Fla. 872, the court considered a similar provision, and said:

"An indebtedness for money borrowed to purchase materials, or to pay for labor bestowed in improving lands, or money expended in the purchase of such materials, or in payment for such labor, is not an obligation contracted 'for the erection of improvements,' nor an obligation contracted for such labor, and is not within the exceptions of the constitutional provisions. The contract in such case is to repay money loaned or expended, and not a contract to pay for the erection of improvements, or for labor on the premises." (p. 882.)

In the case of *Steger v. Traveling Men's Bldg. Assn.,* 208 Ill. 236, 70 N. E. 236, the same question was considered. The court said:

"Part of the loan was advanced for other purposes and the building association held the balance until the building was practically completed, when, for its own protection, it required releases of mechanics' liens, and at a meeting of all the parties interested distributed the money to the contractor and subcontractors. The debt was not a debt for making any improvement. As between the contractor and Strozewski the debt was for the improvement of the homestead, but as between Strozewski and the building association he was a borrower and it was a lender." (p. 245.)

To the same effect see *Gayland v. Loughridge,* 50 Tex. 573; *Ellerman v. Wurz,* (Tex.) 14 S. W. 333.

The authorities generally hold that the qualifying words to the

exemption in the constitution are for the benefit of those who furnish material and labor to improve a homestead, not for the benefit of one who loans money to pay therefor. Since this is true, the land in question was protected by the provisions of R. S. 60-3601.

The judgment of the trial court is affirmed.