No. 22,650.

WALTER S. DICKEY, doing business as W. S. DICKEY CLAY
MANUFACTURING COMPANY, *Appellant*, v. UNITED STATES
FIDELITY & GUARANTY COMPANY et al., *Appellees.*

### SYLLABUS BY THE COURT.

INDEMNITY BOND—*Public Improvements—Statute of Limitations.* An
action on a bond given under section 661 of the code of civil procedure
is barred by section 662 thereof if commenced more than six months
after the completion of the public improvement, although begun within
six months after the acceptance of the improvement by the proper au-
thority.

Appeal from Shawnee district court, division No. 2; GEORGE
H. WHITCOMB, judge. Opinion filed November 6, 1920. Af-
firmed.

*Charles S. Briggs, John G. Egan,* both of Topeka, *Alexander
New, Arthur Miller, Edwin Camack, Maurice H. Winger,* and
*John E. Taylor,* all of Kansas City, Mo., for the appellant.

*Eugene S. Quinton,* of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff seeks to recover on a bond given
under section 661 of the code of civil procedure (Gen. Stat.
1915, § 7569), for material furnished to defendant James A.
Pringle, who, under contract, built a sewer for the city of
Topeka. Action was commenced to recover $3,118.48, of which
$2,161.47 was afterward paid. Judgment was rendered against
the plaintiff in favor of the United States Fidelity and Guar-
anty Company for $957.01 with interest thereon. The plaintiff
appeals from the judgment against it and in favor of the
United States Fidelity and Guaranty Company. Answers to
special questions were returned by the jury as follows:

"1. State when James A. Pringle completed the work on Sewer No.
46 on his contract with the city of Topeka, giving the day, month and
years? Ans. January 9, 1917.

"2. State whether or not all the materials claimed to have been fur-
nished by plaintiff to James A. Pringle to be used in the construction of
said Sewer No. 46 were in fact used by Pringle in the construction of
said sewer; and if not, give the value of the material not used? Ans. No.
$1,209.97."

On the facts stated therein these answers are conclusive if there was evidence to support them. Concerning the answer to the first question, the plaintiff in its abstract says:

"The evidence on the point of the date of the completion of the work by Mr. Pringle was in conflict, some of the evidence putting the date of the completion on January 9, 1917, and the evidence of the defendant Pringle putting it on January 12, 1917. The evidence, however, without contradiction, showed that the work was not accepted by the city engineer and by the mayor and board of commissioners of the city until January 11, 1917."

An examination of the abstract discloses that there was ample evidence to support the answer to each question.

The statute under which the bond was given, reads:

"That whenever any public officer shall, under the laws of the state, enter into contract in any sum exceeding one hundred dollars, with any person or persons for the purpose of making any public improvements, or constructing any public building or making repairs on the same, such officer shall take from the party contracted with a bond with good and sufficient sureties to the state of Kansas, in a sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor or material furnished in the construction of said public building or in making said public improvements." (Gen. Stat. 1915, § 7569.)

The bond reads:

"That we, James A. Pringle, of Topeka, Kansas, as principal, and the United States Fidelity and Guaranty Company, a corporation organized under the laws of the state of Maryland, as surety, are held and firmly bound unto the State of Kansas in the penal sum of one hundred twenty-five thousand eight hundred thirty-four and 89-100 (125,834.89) dollars, lawful money of the United States, for the payment of which we hereby bind ourselves, our heirs, executors, administrators and successors, jointly and severally, firmly by these presents.

"Dated this 29th day of July, 1915.

"The condition of the above obligation is such that,

"Whereas, the said James A. Pringle did on the 29th day of July, 1915, enter into a certain contract with the city of Topeka, Kansas, for the construction of a sewer in Sewer District No. 46 of said city in accordance with said contract and the plans and specifications thereto.

"Now, therefore, if the said James A. Pringle shall well and truly pay and discharge all bills for labor performed and materials used in said work, then this obligation to be null and void; otherwise to be in full force and effect."

The statute provides that "no action shall be brought on said bond after six months from the completion of said public improvements or public buildings." (Civ. Code, § 662, Gen. Stat.

1915, § 7570.)   The jury found that the sewer was completed on January 9, 1917.   This action was commenced on July 10, 1917, more than six months after the completion of the improvement.

The plaintiff seeks to avoid the finding of the jury, contending that, under the contract between the city and Pringle, the improvement was not completed until it was accepted by the city, January 11, 1917.   The contract was a long one, and it is not advisable to set it out or to quote extensively from it.   It gave large powers to the city engineer in approving and rejecting work done, in making changes in the work to be done, and in ordering work done taken out and other work put in its place.   The contract also provided that "the whole of said work must be executed to the full satisfaction of the city engineer in every respect," and that "the acceptance of work and material will not be final and conclusive in any respect until the completion of the work and the engineer's final estimate is approved by the mayor and board of commissioners."

It must be noticed that the language last quoted separates the completion of the work from the final estimate of the engineer and the approval by the mayor and board of commissioners.   If the contract was complied with, the work was completed before the engineer made his final estimate, and the final estimate was made before it was approved by the mayor and board of commissioners.   The improvement was completed when the last work on it was done; the acceptance of the improvement did not fix the time of its completion.   Acceptance might have been delayed by various causes, but not one of them would have delayed the time of completion.   If the argument of the plaintiff were good, it would place a meaning on the statute not justified by its language; in other words that argument would change the language of the statute.   The legislative mandate controls, and must be followed.

To sustain its contention, the plaintiff has been diligent in the examination of authorities, but those cited are practically of no assistance to the court for the reason that either the circumstances or the controlling statutes are different from those that must be considered in determining the question now under consideration.

The action was begun too late.   It was barred by section 662 of the code of civil procedure.

The judgment is affirmed.