No. 23,737.

P. J. SONNER, *Appellant*, v. H. D. MOLLOHAN, *Appellee*, et al.

SYLLABUS BY THE COURT.

1. MECHANIC'S LIEN—*Lien Not Filed Within Statutory Time—Lien Invalid.*
In an action to foreclose a mechanic's lien by one employed to superintend
the construction of a dwelling house the evidence is held sufficient to sustain
a judgment against the plaintiff upon the ground that the building was com-
pleted more than four months before the lien was filed.

2. SAME—*No Extension of Time in Which to File Lien.* The cement work on
the walks and driveways had been completed so late in the fall of 1919 that
the cement became frozen. The person who had the contract for that par-
ticular work refused to make repairs, and early in the spring of 1920 an
arrangement was made between the owner and the plaintiff by which the
latter agreed to purchase the material and have the work of the walks and
driveways repaired for a stated consideration, which was paid to him. He
performed some services in the matter by the purchase of material, but
failed to have the work done. He filed his lien statement August 12, 1920.
*Held,* none of the services rendered by plaintiff under this arrangement in
regard to the repair work was contemplated in the original contract and
could not have the effect of extending the time in which to file a lien under
the original contract. (*Baxter v. Oil Co.*, 111 Kan. 621, 208 Pac. 568.)

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK,
judge. Opinion filed November 4, 1922. Affirmed.

*E. L. Foulke,* and *James B. Nash,* both of Wichita, for the appellant.

*A. E. Crane,* of Topeka, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In the spring of 1918, H. D. Mollohan began the erec-
tion of a dwelling house in Wichita to cost about $50,000. The
appellant, P. J. Sonner, was employed to superintend the construc-
tion, purchase the material, hire the workmen, and he was to receive
as his compensation ten per cent of the cost. Mollohan became
financially embarrassed, and as a result the work was interrupted
several times, and Sonner advanced some of the money to pay for
material. In July, 1919, the carpenters left, the painters were about
finishing their work, and Mollohan with his family moved into the
house.

For six or eight months thereafter, Sonner tried to get a settlement
for the services rendered and money advanced for material. Mollo-
han had employed Sonner under a similar contract to superintend

the construction of some other buildings in Wichita. A dispute arose over their accounts, each claiming the other was indebted to him. An auditor was employed who went over the books and a final settlement was reached about May 1, 1920, resulting in Mollohan giving Sonner two promissory notes, each for a thousand dollars. Mollohan in the meantime had sold the property, and in the spring of 1920 the purchaser was insisting that the walks and driveways should be reconstructed or repaired. They had been completed late in the fall of 1919 and the cement had frozen. Mollohan claimed that Arnold, who had the contract for the driveways and walks, should make the repairs. Arnold, however, refused to do this, and an arrangement was made between Mollohan and Sonner by which the latter agreed to purchase the material and have the work done for $125, which Mollohan paid to him. Sonner purchased some material but failed to have the work done.

On August 12, 1920, he filed his lien statement, attaching as exhibits thereto copies of the notes given by Mollohan at the time of the settlement. This action was brought to foreclose the lien. The answer alleged that the building was completed more than four months before the lien was filed, and that the material furnished about May 1, 1920, to be used on the premises, was under a contract between appellant and Mollohan by which the former agreed to accept $125 for the work and material to be furnished by him to repair certain walks and driveways on the property, not to be used in the building. It was also alleged that the appellant did not perform his agreement for which he received the $125.

The court sustained a demurrer to the evidence in support of the mechanic's lien, but Sonner was given judgment on the two promissory notes. The appeal is from the judgment sustaining the demurrer.

The appellant is correct in the statement that the real question to be decided is whether or not the services performed and material furnished were under a continuing contract or under several disconnected or separate contracts. If they were furnished under separate contracts the claimant would be required to file liens for each contract. (*Baxter v. Oil Co.*, 111 Kan. 621, 208 Pac. 568.) In that case a supply company agreed to give an oil company a line of credit. The oil company made purchases of material from time to time without any arrangement or contract to purchase additional material, and the supply company was under no obligation to furnish more. Each

purchase and sale was a separate transaction. The oil company had given a mortgage upon its leasehold interest. The original contract called for the drilling of two wells, which had been commenced before the mortgage was executed. Subsequently a verbal arrangement was made by which it was agreed that other wells might be drilled under the terms of the first contract. It was held that the furnishing of material under the oral arrangement could not be tacked to the prior contract so as to extend the time for filing a lien that would give priority over the mortgage.

It is argued in appellant's brief that the court made merely a general ruling against the lien, without stating any reason therefor; and various theories are suggested upon which the court might have based its ruling. We have no doubt that upon the evidence the court held that any services rendered by the appellant with respect to the cement work in the spring of 1920 were furnished in connection with repair work which was not contemplated in the original contract.

There is no real dispute between the parties as to the law. The real controversy is over a question of fact, whether the work of repairing the walks and driveways was performed under the original contract. The court decided this question against the appellant, and we think the evidence fully justified that finding. The evidence shows without dispute that Arnold constructed the walks and driveways under a contract and that his work was fully completed in the fall of 1919. The appellant at this time was endeavoring to get a settlement with Mollohan, presumably upon the theory that the work of constructing the dwelling house was completed. Moreover, the appellant was under no contract guaranteeing the cement work, nor was he obligated to do anything with respect to repairing that work unless some new contract or arrangement was entered into between him and Mollohan. It appears from the evidence that he laid the blame for the defective cement work where it belonged, upon Arnold, who had the cement contract. Arnold declined to have anything to do with repairing the work, and a new contract was made early in 1920, which it seems was entered into before the final settlement. It was clearly separate and apart from the original contract, and no services performed under it could have the effect of extending the time in which to file a lien for services rendered under the original contract.

The appellant calls attention to a decision of this court holding

Hegarty v. Refining Co.·

that while the right to a mechanic's lien is statutory, yet the foreclosure and adjustment of such liens are not governed exclusively by the rigid rules of law, and familiar principles of equity are often applied. (*Mercantile Co. v. Investment Co.*, 100 Kan. 597, 165 Pac. 279.) Appellant asks: "Under this rule why should Mr. Sonner be deprived of his lien?"

Equitable rules cannot help the appellant, for the reason that he has no lien—not having complied with the statutory requirement by filing his lien statement within four months from the time the last services were performed. If he had a lien to foreclose, requiring adjustment of claims between him and other lien claimants, or between him and the owner or purchaser of the property, occasion might arise for applying the doctrines of equity as between him and the other parties; but the court has found upon the facts that he never acquired any lien.

The judgment is affirmed.