No. 25,421.

THE L. J. WHITE LUMBER COMPANY, *Appellant*, v. CHARLES S. FULTON, as Administrator of the Estate of CLAUDE B. CAREY, Deceased, JAMES O. McVAY, and THE SALT CITY BUILDING, LOAN & SAVINGS ASSOCIATION, *Appellees.*

SYLLABUS BY THE COURT.

MECHANIC'S LIEN—*Statement for Mechanic's Lien not Filed Within Statutory Time—No Lien Attached.* Under a statute requiring the statement for a mechanic's lien to be filed within a certain period after the last item of material furnished or work performed, the time from which the period is to be computed is not extended by the gratuitous furnishing of material or performing of labor as an act of friendly accommodation. And the evidence is held to support a finding bringing the case within that rule.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed October 11, 1924. Affirmed.

*A. C. Malloy,* and *Warren H. White,* both of Hutchinson, for the appellant.

*R. C. Davis, C. M. Williams,* and *D. C. Martindell,* all of Hutchinson, for the appellees.

The opinion of the court was delivered by

Mason, J.: In this action to enforce a mechanic's lien the plaintiff, a lumber company, was denied relief on the ground that the statement was not filed in time. The appeal is based on the contention that the evidence did not support a finding to that effect.

The account for material furnished to the contractor, which was a part of the statement, concluded with an item for a sack of cement worth 90 cents, with 25 cents for drayage, delivered February 21, 1922. The next preceding item was furnished February 7. The lien statement was filed April 22, 1922. If the 60 days allowed for filing (R. S. 60-1403) ran from February 21 this was just in time. If it ran from February 7 the filing was too late. The court held that a cement slab back of the house, for the making of which the sack of cement referred to was used, was voluntarily and gratuitously furnished by the contractor to the plaintiff, neither under the original contract nor as an extra. "Voluntarily furnishing an article or performing a service for which no compensation is expected or could be demanded will not operate to extend the time for claiming a lien" (18 R. C. L. 933) nor can such extension result from work done or material furnished by a claimant "as a gratuity or act of friendly accommodation" (27 Cyc. 148). The doubtful question here involved is whether the evidence was sufficient to support the court's finding of the fact in that regard. The contract made no provision for this slab or step. The owner's testimony on the subject was in full as follows:

"Q. I call your attention to an item on this bill, one sack of cement delivered on the 21st day of February, 1922. Do you know what that sack of cement was used for? A. Well, I don't know what it could be used for, only for a little slab in back of the house where you step off, out on the ground.

"Q. Where you step on the ground from the steps at the rear of the house? A. Yes, sir.

"Q. Was it any part of the building? A. No, sir. How it happened to be made was when I was making this payment, I told Mr. Carey [the contractor] that there ought to be something put out there to step on. That there was clay that had been hauled out there and there was clay all around there, and he said, 'It don't go with the house; it isn't in the contract.' 'Well,' I said, 'I would like to have one put out there,' and I asked him if he couldn't get,—(I can't think of his name), when he was working there to do it, and he said he would. And that is all I know about it.

"Q. That was put there afterwards? A. Yes, sir.

"Q. It was no part of the steps that led into the house? A. No, sir.

"Q. Just describe it.  A. It is just a slab laid at the back door to keep from getting in the mud.

"Q. Did you pay for that over and above the contract?  A. Well, I suppose I did.  I paid for all the extras out there.

"Q. I just wondered if you remembered if you paid for it over and above the contract on the house?  A. Well, I paid for a lot of extras on the house, and that might have been in there and it might not.

"Q. How close was this step to the house?  A. It was right up to the house.

"Q. You stepped down onto it from the house?  A. Yes, sir."

While the language may be capable of a different interpretation we think it was fairly open to the one placed upon it by the trial court—that at the time the slab was arranged for it was not regarded by the parties as a part of the improvement, but a mere convenience suggested but not insisted upon by the owner because of the clay that had been hauled out, and furnished by the contractor in a spirit of friendly accommodation.  Cases are cited by the plaintiff to the effect that an owner who demands additional work or materials on the theory that the contract has not been fully performed is thereby estopped to deny its prior completion. The question here, however, is whether the evidence conclusively shows that the owner did make the furnishing of the step or slab a condition of his acknowledging the completion of the contract; and as already indicated we think that is not the case.  The rule is also invoked that the period for filing a lien statement may be enlarged by work done to correct the contractor's mistakes or remedy a defect due to his negligence, although he neither makes nor is entitled to make a charge for it; or by extras furnished or additions made after the substantial completion of the contract. But neither of these conditions is necessarily shown by the evidence.

The judgment is affirmed.