No. 28,049.

The Citizens First National Bank, *Appellant*, v. The Board of County Commissioners of the County of Jefferson, *Appellee*.

M. O. Land and G. O. Skilbred, Partners, etc., *Appellees*, v. J. K. Shinn et al., *Appellees*.

(267 Pac. 12.)

Opinion filed May 5, 1928.

*W. N. Banks, O. L. O'Brien* and *Walter L. McVey,* all of Independence, for the appellant.

*Lloyde Morris,* county attorney, *H. T. Phinney* and *H. N. Casebier,* both of Oskaloosa, for the appellees.

*A. L. Berger,* of Kansas City, for appellee Ætna Casualty and Surety Company.

The opinion of the court was delivered by

HUTCHISON, J.: This action involves the question of priority of right to the balance of funds due a contractor from a county for building a road, as between two assignees of such funds and one furnishing labor and material. Two actions were consolidated and tried together by agreement in the district court. The first was by the Citizens First National Bank, of Independence, against the board of county commissioners of Jefferson county to recover from the county the balance due J. K. Shinn on a road-building contract by virtue of an assignment by Shinn to the bank of all sums due or to become due and payable to him under such contract. The other action was brought by Land & Skilbred against Shinn, the board of county commissioners of Jefferson county, the Ætna Casualty and Surety Company, surety on the bond of the contractor, and the county clerk and county treasurer of Jefferson county, to collect for material furnished and labor performed in connection with the construction of the road at the request of the contractor. The first suit was commenced May 17, 1926, and the other September 10, 1926. All defendants except Shinn appeared and answered, the surety company on October 7, 1926, and the board of county commissioners, the county clerk, and the county treasurer on February 7, 1927. The State Bank of Oskaloosa, by leave of court, filed an interplea January 24, 1927. The consolidated case was tried to the court without a jury, findings of fact and conclusions of law were made, and judgment was rendered against the plaintiff bank and in favor of the other litigants, from which judgment the plaintiff bank appeals.

The contract for constructing the road was let to Shinn on May 17, 1924. His surety bond was given the same day. On July 24, 1924, Shinn, on the strength of such contract, borrowed $13,500 from the appellant bank and assigned to it all sums of money due or to become due and payable to him by virtue of such contract, representing that he needed the amount borrowed to pay for material and labor on the project. This amount was placed to his checking account, as were payments on estimates from time to time to the extent of $100,000 or more, none of which was applied to the payment of the amount borrowed. The assignment was filed with the county board and indorsed by the chairman and county clerk with the county seal affixed. The balance due the contractor from the county at the completion of the contract was $13,311.54, and

this is the amount for which the plaintiff bank prays judgment against the county.

Shortly before the final settlement was made, Shinn arranged with the State Bank of Oskaloosa for a loan for the purpose of paying all claims for labor and material, and directed the county to deliver to the State Bank of Oskaloosa the warrant when issued. This loan amounted to $3,682.50, and was found by the trial court to have been entirely used in paying labor and material claims on the road project. Because of the conflicting demands of the two banks for the final warrant, the Oskaloosa bank indemnified the county and was given the warrant for $13,311.54. It took out its $3,682.50 and, under instructions from the county, sent the balance to the plaintiff bank, which returned it, claiming to be entitled to the whole of the final payment under its assignment. It thus reached the county treasurer and is still in his hands. The claim of Land & Skilbred seemed to have been overlooked, hence their suit. The court found they were entitled to recover $5,879.61 for material and labor that went into the road project. The trial court directed that the balance of less than $4,000 should be paid by the county to the plaintiff bank, that the surety company recover its costs, and that the county pay all the costs. The court also found that the evidence does not show that any part of the funds loaned Shinn by the plaintiff bank was used by him for the purpose of paying for labor or material used in the construction of the road; also that the concrete work on the project was completed in December, 1925, and the project was otherwise completed at that time except for the placing and painting of certain guard rails thereon, and that such work was completed March 24, 1926.

Appellant raises the question of the statute of limitations as to the claim of Land & Skilbred and those alleged to be contained within the interplea of the State Bank of Oskaloosa, because the petition of the former and the interplea of the latter were filed more than six months after the completion of the work. (R. S. 60-1414.) Appellant urges that some of the evidence shows it was only the repainting of the guard rails that was done after December. Regardless of the amount of work done, the matter is determined by the fact of whether the unfinished work was a part of the original contract, necessary to be done to complete the job and comply with the requirements of that contract. (*Badger v. Parker,* 85 Kan. 134, 116 Pac. 242; *Dickey v. Guaranty Co.,* 107 Kan. 605, 193 Pac. 346; *Sonner v. Mollohan,* 112 Kan. 148, 210 Pac. 649; *White Lumber Co.*

*v. Fulton, Adm'r,* 116 Kan. 694, 229 Pac. 363; *Sash & Sales Co. v. Early et al.,* 117 Kan. 425, 232 Pac. 232.) There is no question here of any subsequent contract. It was simply a matter of completing an unfinished part of the original and only contract, and the statute does not commence to run until the unfinished portion thereof is completed, which in this case, by the evidence and findings, is March 24, 1926.

"Where, even after the contract is substantially completed, claimant does further work or furnishes further material which is necessary for the proper performance of his contract, and this is done in good faith, at the request of the owner or his agent or architect, or in the case of a subcontractor at the request of the contractor, or for the purpose of fully completing the contract, and not merely for the purpose of fixing a later date from which to compute the time for filing the lien claim or statement, or as a gratuity or act of friendly accommodation, the period for filing the lien will run from the doing of such work or the furnishing of such materials, regardless of the value thereof, at least where there are no intervening rights." (40 C. J. 204.)

The action of Land & Skilbred was commenced September 10, 1926, which was less than six months from March 24, 1926. If the interplea of the Oskaloosa bank was the first assertion of the claims mentioned therein against the county, the interplea would not be within the required time, but these claims were, by direction of the contractor, asserted by the Oskaloosa bank before the county board on May 4, 1926, and allowed and paid by the board at that time. The interplea simply related such assertion and allowance to the court for its confirmation and approval.

Reference is made in the findings and one of the briefs to a possible defect in the assignment by the contractor to the plaintiff bank, but the decision in this case does not hinge upon that point. So, regardless of that suggested defect, we shall for this case consider the assignment to the Citizens First National Bank as good and valid—such an assignment as would have entitled it to hold any of the funds coming into its hands thereunder. But the plaintiff bank is here claiming a right to the recovery of such funds from the county as against the claims of the laborers and materialmen, directly and indirectly. Is it, as against such claims, entitled to the funds under its assignment? That question can easily be answered by substituting for the bank the name of the contractor. Could he recover this balance from the county against such claimants? Certainly not. The assignee occupies no higher or more advantageous position than its assignor. It stands in his shoes. The

only question decided by the trial court in this connection was one of priority of right to this fund.

"It was held, however, that the rights of the surety were superior in law and equity to those of the bank, which took no rights superior to those of the contractor as against the owner of the building or the surety." (*Bank v. Insurance Co.,* 109 Kan. 562, 564, 200 Pac. 281.)

The surety in this case is concerned to the extent of the payment of the claims for labor and material, and certainly the surety company and the county can legally and properly insist upon the funds on hand being used for that purpose rather than going to the assignee of the contractor. It is said in *Citizens State Bank v. Cheyenne County Comm'rs,* 122 Kan. 302, 252 Pac. 228, that "a claim against the county for money to be paid for building a public road may be assigned to a bank by the contractor to obtain money to pay for labor and material used on the road, and the bank can maintain an action against the county to recover on the claim." (Syl.) The difficulty with the assignment in this case is, there is no satisfactory proof to establish that the money borrowed by the contractor from the plaintiff bank was used to pay for material and labor to construct the road. Such was the finding of the trial court, and under these authorities the county and surety have the right to insist that the claims for labor and material be paid first before honoring the assignment.

"The assignee, however, takes the claim subject to all defenses; and where claims against a fund more than sufficient to absorb it have been assigned, the county cannot be made to pay until all the rights are adjudicated." (15 C. J. 663.)

As between the plaintiff and Land & Skilbred the claim of the latter is superior in every way to the claim under an assignment; and as between the two banks the Oskaloosa bank showed all the funds advanced or loaned by it went into the construction of the road, whereas the court did not find such to be established as to the loan of the plaintiff bank.

It is urged that some of the findings are not supported by the evidence. We have examined them and the evidence to determine this matter and find sufficient evidence to support the findings as made.

We find no error in overruling the demurrer of plaintiff to the evidence of Land & Skilbred and the motion for judgment against the county. The contractor himself could not, under the evidence

and findings, have recovered against Land & Skilbred nor the interpleader, and therefore we conclude his assignee could not go farther than he against the demands of the county and the surety on the contractor's bond.

The judgment is affirmed.