No. 31,262

W. S. Dickey Clay Manufacturing Company, Clifford Histed and Fred L. Dickey, Co-receivers, etc., *Appellees,* v. R. C. Snyder (Defendant) and Detroit Fidelity and Surety Company, *Appellant.*

(23 P. 2d 592.)

Opinion filed July 8, 1933.

*W. S. Norris* and *Homer B. Jenkins,* both of Salina, for the appellant.

*C. W. Burch, B. I. Litowich, LaRue Royce, L. E. Clevenger, E. S. Hampton,* all of Salina, *Frank P. Barker* and *Joseph T. Owens,* both of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

Smith, J.: This was an action by a materialman on a public contractor's bond. Judgment was for plaintiff. Defendant appeals.

The contractor entered into a contract December 13, 1930, to build certain sewers. This job was No. 59. The date of the contract was October 13, 1930. He gave the bond under R. S. 60-1413, and entered into a contract with plaintiff for certain materials. The materials were shipped, and Snyder agreed to pay $2,100.22 for

them. He paid $1,000 but did not pay the balance. This suit was started June 25, 1931, against the surety company to collect the balance. At the trial of the case evidence disclosed that Snyder had entered into another contract with the city under date of October 27, or about fifteen days later than the date of the contract above mentioned, for the construction of certain other sewers, which job was described as job No. 63. A bond was given under date of November 3, 1930, for the completion of this contract. The evidence also disclosed that two items for which suit was brought on June 25, 1931, were not used on job No. 59, but were used on job No. 63. When this fact was disclosed by the evidence it became apparent that plaintiff could not recover for those two items in a suit based on the bond given to secure the performance of job No. 59. On this account plaintiff asked and was given permission to amend its petition to set out the execution of the contract for job No. 63, the giving of the bond thereunder and the default. The making of this amendment to the petition occurred more than six months after the completion of the contract. Defendant raised, by proper motion, and urges here that the third count, which set out the facts with reference to job No. 63, was a new cause of action and barred by the statute of limitations with reference to suits against bonding companies. The part of R. S. 60-1414 upon which defendant relies is as follows:

"*Provided,* That no action shall be brought on said bond after six months from the completion of said public improvements or public buildings."

Appellee urges that the evidence showed that the two contracts were for the same general purpose; that is, the building of sewers, and between the same parties, and that the making of this amendment was within the discretion of the court.

It will be seen that the amendment was an attempt to state a cause of action growing out of a different contract for a different job and on a different bond than that upon which the original suit was based. There was no liability whatever upon the defendant except that growing out of the bond. In order to enforce liability on this bond it was necessary that suit should be brought within six months of the completion of the job. This was not done with reference to job No. 63. No suit was filed on that bond until much more time than that had elapsed. Now if the suit on the bond that was given with reference to job No. 59 had not been filed, no one would argue that the suit on the bond given with reference to job

No. 63 had been filed in time. The question is, then, Does the fact that there was an action pending between the parties in connection with the same sort of work, but based on an altogether different contract than that pleaded in an amendment of the petition in the pending action, bring such amendment within the time limit by reason of the original petition having been filed in time? The latest discussion of this subject is in *Burger v. First Nat'l Bank*, 124 Kan. 23, 254 Pac. 979. In that case the syllabus is as follows:

"When the petition, in stating a cause of action, sets forth a contract and its violation, an amendment to the petition which sets forth as a basis for the cause of action a new and different contract than that relied on in the original petition should not ordinarily be permitted to be filed, and if filed, it must be treated as though a new action was then filed on the cause of action therein stated."

The opinion contains a discussion of other cases of this court.

In *Railroad Co. v. Sweet*, 78 Kan. 243, 96 Pac. 657, this court held:

"Amendments which only amplify or make more specific the averments of the original petition, or which state the wrong suffered or right relied on, are ordinarily permissible and will relate back to the beginning of the action; but where the amendment sets forth a new and different cause of action the statute of limitations continues to run until the amendment is filed." (Syl. ¶ 1.)

And the application of the rule, as there stated, is as follows:

"In an action to recover damages for the negligent setting out of a fire which destroyed the plaintiff's trees the original petition alleged that the fire was negligently set out at a certain time and place, and after the period of limitation had expired the plaintiff obtained leave to amend his petition so as to aver that the damage resulted from another and different fire, which was started five miles distant from the one relied on in the original petition. Held, that the amendment set out a distinct and different tort and a new cause of action, upon which a recovery was barred by the statute of limitations." (Syl. ¶ 2.)

Other cases which have decided this question to the same effect are *Taylor v. Swift & Co.*, 114 Kan. 431, 219 Pac. 516, and *Beneke v. Bankers Mortgage Co.*, 119 Kan. 105, 237 Pac. 932.

The third cause of action was an attempt to amend a petition that stated a cause of action as to certain items, to state a new cause of action as to these items under an entirely different contract and after limitations had run on the cause stated in the amendment. To permit this would be to nullify the statute of limitations. In line with the authorities quoted and cited we have concluded that this cannot be done.

The second cause of action was dismissed.

This leaves the first cause of action for our consideration. This count was based on the bond given to secure performance of job No. 59. The evidence disclosed that the city inspected the job and accepted it December 12, 1930. If this was the date of the completion of the contract, then this suit was brought too late and would be barred because it would have to be brought before June 12 in order to be within six months after the completion of the job. However, there was evidence that along about the 5th or 6th of January, 1931, the contractor did some work by way of a coat of plaster on a flush tank. If that is the date when the contract was completed, then the suit was brought in time.

The jury answered special questions as follows:

"1. Was the work done in the alley between 8th street and Otis avenue between January 3 and January 6, 1931, a part of the original contract, designated job No. 59? A. Yes.

"2. Was the work mentioned in the preceding question done by the defendant, Snyder, in good faith to comply with his contract with the city of Salina? A. Yes.

"3. Was it necessary that the work mentioned in the preceding question be done in order to complete the job according to the terms of the contract between Snyder and the city of Salina? A. Yes.

"4. On what date was the work completed by Snyder under the contract mentioned in the first count of the petition? A. January 6.

"5. Was any work done after December 12, 1930, by Snyder in connection with such contract, which was reasonably required to be done in connection with the completion of such contract? A. Yes.

"6. If you answer the preceding question 'yes,' state what work was done after such date. A. Coat flush tank."

The appellant argues that the contract was substantially finished December 12, 1930, and that the small amount of work necessary to be done to this flush tank on January, 1931, was not sufficient to extend the time for filing suit. This argument is settled by the answers to the special questions, if there is evidence to sustain them. The argument of defendant is that the answers to questions 1, 2, 3 and 4, as above quoted, were really matters of law which the court should have determined rather than questions of fact to be submitted to the jury, and that the answers to these special questions should have been set aside on that ground.

Without going into a lengthy discussion of the evidence it is sufficient to state that it showed that flush tanks, including this one, were a part of job No. 59. Flush tanks are useless unless they hold

water. The flush tank in question did not hold water when it was inspected by the city engineer. The contractor did some work on this flush tank between January 3 and 6, 1931. This work made the flush tank watertight. The specifications required flush tanks built of brick to be plastered with cement mortar not less than one-half inch thick. Prior to January 5 there was no cement mortar one-half inch thick on the inside of the flush tank in question. The evidence is clear that the city demanded that the contractor do the work in question. It was a part of the original contract and was necessary in order to complete the job and comply with the provisions of the contract. This question was treated in *Citizens First Nat'l Bank v. Jefferson County Comm'rs*, 126 Kan. 90, 267 Pac. 12. There the work in question was painting some guard rails. The court said:

"Regardless of the amount of work done, the matter is determined by the fact of whether the unfinished work was a part of the original contract, necessary to be done to complete the job and comply with the requirements of that contract." (p. 92.)

See, also, *Badger v. Parker*, 85 Kan. 134, 116 Pac. 242; *Dickey v. Guaranty Co.*, 107 Kan. 605, 193 Pac. 346; *Sonner v. Mollohan*, 112 Kan. 148, 210 Pac. 649; *White Lumber Co. v. Fulton, Adm'r*, 116 Kan. 694, 229 Pac. 363; *Sash & Sales Co. v. Early et al.*, 117 Kan. 425, 232 Pac. 232.

The questions submitted to the jury were all questions of fact properly submitted and are sustained by the evidence.

Defendant argues that there was no allegation in the petition that the amount claimed was the fair and reasonable value of the material furnished. The petition alleged the contract between the contractor and plaintiff. It alleged and defendant admitted that plaintiff sold the materials in question, for which the contractor agreed to pay $2,100.22. Defendant did not controvert the agreement of plaintiff with the contractor and did not introduce any evidence that the amount claimed by plaintiff was for more than the materials were worth. Apparently this point is raised by the defendant for the first time by its brief in this court. We have heretofore held that this cannot be done. See *Insurance Co. v. Baer*, 94 Kan. 777, 147 Pac. 840; also, *Gorrell v. Battelle*, 93 Kan. 370, 144 Pac. 244, where this court said:

"Unless the record shows that the matter was specifically and unequivocally brought to the attention of the trial court while it had possession of the case

and power to dispose of it as justice required, this court will regard the issue as abandoned. It would be gross abuse of procedure for a defendant to veil an oversight in making proof under a general demurrer to the evidence and a general motion for a new trial, and then appeal to this court for a new trial when the evidence is all the time lying in a public office barely outside the reach of judicial knowledge, and when the new trial, if granted, would extend to that issue alone." (p. 372.)

It is too late for defendant to raise the point that there was no allegation as to the reasonable value of the materials furnished, for the first time in this court. The trial court should have been given an opportunity to pass on it.

There is still another reason why this point is not good, as indicated by the rule laid down in 18 R. C. L. 938, as follows:

"The price agreed upon for labor or materials between a subcontractor and contractor, is, *prima facie,* the reasonable value, and if a contract is entered into for a specific sum for labor or material, and is complete within itself, a detailed statement of the account is unnecessary."

The case at bar comes within the rule above laid down.

Plaintiff filed a motion to dismiss the appeal in this court. Plaintiff points out that final judgment in this case was entered on July 28, 1932. The notice of appeal was served January 27, 1933. This was more than three months after the judgment. Plaintiff argues that under the provisions of R. S. 1931 Supp. 40-219 the time for appeal was only three months instead of the six months provided by the appeal statute. The statute relied on is as follows:

"Whenever any insurance company shall become liable to pay any loss to any person in this state, and shall neglect or refuse for three months after final judgment to pay the same, there being no appeal pending, and no supersedeas bond filed, the company may be enjoined from doing any business in this state until the judgment is fully paid."

It is argued that the appeal should suffer the same fate as the appeal in *Ashworth v. Ancient Order of United Workmen,* 135 Kan. 320, 10 P. 2d 857. There a somewhat similar statute was held to be a statute of limitations on the right to appeal. The statute there construed was R. S. 1931 Supp. 40-713. It is as follows:

"Any society authorized to do business under the provisions of this article refusing or neglecting to make the reports provided in this code, or which shall exceed its powers, or shall conduct its business fraudulently, or which shall fail to pay any judgment rendered against it in any court in this state, there being no appeal pending, within sixty days of the rendition of such judgment, or which shall fail to comply with any of the provisions of this act, shall be excluded from doing business within this state."

It will be seen that the one statute provides that in case of a failure to appeal within three months "the company may be enjoined from doing business in this state" while the other says "shall be excluded from doing business within this state." We are all of the opinion that the court went the limit in dismissing the appeal in the Ashworth case. We have, therefore, concluded that there is a difference in these two statutes and that the one we are considering contemplates that some affirmative action must be taken against the company before the statute will operate to bar a company from doing business, and that the appeal should not be dismissed.

The judgment of the trial court with reference to the third cause of action is reversed with directions to enter judgment for the defendant on that cause, and with reference to the first cause of action the judgment is affirmed.