Geraldine V. CULVER and Joe F. Culver,
husband and wife, Appellants,

v.

**MID–CONTINENT CASUALTY COMPA-
NY, a corporation, Appellee.**

No. 46256.

Supreme Court of Oklahoma.

June 18, 1974.

Rehearing Denied Sept. 24, 1974.

David H. Sanders, Sanders, McElroy & Carpenter, Frederic Dorwart, Holliman, Langholz, Runnels & Dorwart, Tulsa, for appellants.

Richard W. Gable, Gable, Gotwals, Rubin, Fox, Johnson & Baker, Tulsa, for appellee.

HODGES, Justice.

This is an appeal from the order of the trial court which sustained the demurrer of appellee, Mid-Continent Casualty Company (Mid-Continent), to petition of appellant and dismissed the action as to Mid-Continent.

Business Equities was engaged in the business of buying and selling securities. It was registered as a broker-dealer in accordance with 71 O.S.1971 § 201. It secured a broker-dealer surety bond in the amount of $20,000.00 from Mid-Continent in compliance with 71 O.S.1971 § 202(e). This bond was not a blanket bond which covered all agents of the principal, Business Equities, but one which covered the principal only. Stice, Kennedy and Weaver were the principal owners, officers, and

directors of Business Equities, and were registered as agents in compliance with the statute. Mid-Continent also issued individual statutory bonds for Stice, Kennedy and Weaver in the amount of $5,000.00 each. The condition of all the bonds was that the registrant (Business Equities, Stice, Kennedy and Weaver, respectively) "shall comply with the provisions of said Oklahoma Securities Act and with all rules, regulations and orders made pursuant thereto and all amendments thereto hereinafter enacted."

Appellants originally brought an action for dissolution of Business Equities and a common law fraud action for damages against Stice on April 12, 1971. The dissolution action was amended May 7, 1971, to request that Kennedy and Weaver be required to disclose their interest in Business Equities. On November 24, 1971, a third cause of action was commenced against Mid-Continent. It alleged the execution and existence of two bonds, a broker-dealer bond for Business Equities in the amount of $20,000.00 and an agent's bond for Stice in the amount of $5,000.00. Appellants alleged that on or about December 12, 1969, Business Equities sold them shares of unregistered common and participating preferred stock of Business Equities for $3,850.00 in cash and $27,000 in common stock of Liberty Investment Life Ins. Co. They asserted that Business Equities and Stice made untrue statements of material facts in order to induce appellants to purchase the securities.

The two $5,000.00 bonds relating to Kennedy and Weaver were not sued upon until appellants amended their petition May 11, 1972.

After various amendments and pleadings, the demurrer of Mid-Continent was sustained and the action dismissed as to Mid-Continent.

The question presented is whether the trial court was correct in sustaining the demurrers of Mid-Continent Casualty Company to the appellant's third cause of action.

■ The trial court was correct in sustaining Mid-Continent's Demurrer insofar as the Kennedy and Weaver bonds are concerned, as they are barred by the Statute of Limitations.

Appellants assert that misrepresentations induced them to purchase stock in a sale which allegedly occurred on December 12, 1969. The bonds were executed November 15, 1968, and June 9, 1969, respectively. The Culvers did not bring suit on the two $5,000.00 bonds until May 11, 1972, when they attempted to do so by amending their original petition. This is substantially longer than the two year period of limitation provided by the Oklahoma Securities Act.

71 O.S.1971 § 202(e) provides in pertinent part:

"* * * Every bond shall provide that no suit may be maintained to enforce any liability thereon unless brought within two (2) years after the sale or other act upon which such is based. * * *"

Appellants contend that the court should follow the doctrine of allowing liberal amendment when justice requires and that the amendment which specifically plead the Kennedy and Weaver bonds should relate back to the filing of the initial petition.

■ An original petition cannot be amended by adding another cause of action in a suit to enforce liability on a bond which at trial appears to be covered by a different bond upon which the statute of limitations had run. See U.S. Dickey Clay Mfg. Co. v. Snyder, 138 Kan. 146, 23 P.2d 592 (1933).

■ The statute of limitations may be interposed against an amendment to cause of action which states an entirely new cause of action. Mann v. Wilson, 117 Okl. 239, 246 P. 464 (1926). An amendment setting up a cause of action not claimed in original petition should not be allowed after expiration of statutory limit for commencing action on such claim. Turner v. Pitts, 162 Okl. 246, 19 P.2d 563 (1933).

■ If an amended petition introduces an entirely new cause of action and describes a new and entirely different source of damages from that stated in the original petition, the new and different sources of damages does not relate back to the beginning of the action so as to stop the running of the statute of limitations. It is the equivalent of an original suit on a new cause of action. Hamon v. Gardner, 315 P.2d 669 (Okl.1957).

■ The demurrer to the petition which showed on its face that the cause of action was barred by the statute of limitations was properly sustained. Bruce v. Exchange Royalty Co., 177 Okl. 419, 60 P.2d 748 (1936); Howard v. Jeffry, 268 P.2d 897 (Okl.1954), 44 A.L.R.2d 803.

■ The next problem concerns the broker-dealer bond. A broker-dealer's license is not required for a corporation to issue its own stock. 71 O.S.1971 § 2(c). The statutory bond required as a condition to obtain a license to transact business as a broker-dealer covers only transactions within the statutory definition of broker dealer, i. e., transactions for which the broker-dealer is required to have a license. A bond is not a general liability insurance policy.

■ There is a distinct difference between the ownership of a corporation and the business of the corporation. When a corporation issues its own stock, it is issuing evidence of ownership.

It is undisputed that the sale of stock to appellants constituted an issuer transaction. It was original issue capital stock of Business Equities. Issuer means any person who issues or proposed to issue any security (with certain statutory exceptions which are not applicable in this case. See 71 O.S.1971 § 2(g). Non-issuer is defined as not directly or indirectly for the benefit of the issuer. 71 O.S.1971 § 2(h).

Appellants seek to recover on the statutory broker-dealer bond. It is provided by 71 O.S.1971 § 2(c) that broker-dealer does not include an agent or an issuer.

■ The bond covers only those acts for which the license is required—the business of dealing in securities issued by others. It does not cover those transactions for which no bond is required—the issuance of its own securities as evidence of ownership.

■ Bonds required by statute are to be strictly construed and are not to be extended by implication beyond the clearly expressed intent of the statute. See Ellsworth v. Hurt, 158 Kan. 232, 146 P.2d 365 (1944), 11 C.J.S. Bonds § 39 p. 418.

■ The order of the trial court sustaining the demurrer as it pertains to the broker-dealer bond is affirmed.

■ The remaining issue is whether appellants may recover on the agent's bond of Stice. Mid-Continent contends that the transaction was exempt based on 71 O.S. 1971 § 401(b)(9) and that appellants did not allege any facts tending to remove the security sale transaction from the exemption granted and therefore the sale was presumably exempt from the registration requirements. However, it is provided by 71 O.S.1971 § 401(e) that:

"In any proceeding under this act, the burden of proving an exemption or an exception from a definition is upon the person claiming it."

Appellants allege that the condition of the bond was the violation of the Oklahoma Securities Act by the agent. They allege facts to show the agent (Stice) violated provisions of the Securities Act while Mid-Continent's bond was in effect and that therefore Mid-Continent is liable.

This court held in Employers Casualty Company v. Ideal Cement Co., 511 P.2d 1090 (1973) that:

"As against defendants' demurrer, plaintiffs' petition must be liberally construed, and all of its allegations of fact must be taken as true, together with all reasonable inferences therefrom. If any fact stated therein entitled plaintiff to any relief, the demurrer should have been overruled."

The record does not reflect whether the transaction was exempt under 71 O.S. 401(b)(9) so as to preclude recovery on Mid-Continent's bond. We do find that the allegations of the appellants are sufficient to state a cause of action against Mid-Continent on the bond of Donald G. Stice. The order of the court insofar as it concerns this bond, only, is reversed and remanded for further proceedings.

Certiorari granted; affirmed in part, reversed in part.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.

IRWIN, J., concurs in part and dissents in part.