Baker v. Skinner.

W. H. BAKER *et al.* v. L. D. SKINNER.

No. 12,172.   (64 Pac. 981.)

SYLLABUS BY THE COURT.

BOND IN ATTACHMENT—*Limitation of Action.* An action to recover damages upon an attachment bond is upon a written contract, and is not barred until the expiration of five years from the final determination of the district court that the order was wrongfully obtained.

Error from Sedgwick district court; D. M. DALE, judge. Opinion filed May 11, 1901. Division two. Reversed.

*Thornton W. Sargent,* for plaintiffs in error.

*Stanley, Vermilion & Evans,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: This action was commenced in the court below by plaintiffs in error to recover from the defendant in error upon two separate attachment bonds. The first cause of action states that on March 25, 1889, T. R. Rice & Co. commenced an action in attachment against the plaintiffs in error, and filed their bond with defendant in error as surety. An order of attachment was issued and levied on the property of the plaintiffs. On April 3, 1889, the attachment was dissolved by the district court. The plaintiffs below excepted and were allowed thirty days to file proceedings in the supreme court, but no further stay was had.

The second cause of action was upon another attachment bond executed in another action commenced by the same parties against the same defendants, with the defendant in error as surety thereon. This attachment was also dissolved by the district court on

the 31st day of April, 1889, and an order was made staying the discharge of the property for thirty days. No other stay was had in that action. The petition also alleged, as to the second cause of action, that in 1891 the plaintiffs in error commenced an action on the bond set out in its second cause of action, which action, it was alleged, failed otherwise than on its merits, and, as to the defendant in error, was dismissed without prejudice on June 11, 1894. The present action was commenced on the 18th day of June, 1894. The defendant answered, pleading as a third defense the three-year statute of limitations. To this defense the plaintiffs in error filed a demurrer, which was overruled, and to this order they excepted and bring the case to this court.

As to the first cause of action, it is immaterial whether the three- or five-year statute of limitations applies, or whether the cause of action accrued at the time the wrong was committed or at the time final judgment was rendered in the district court dissolving the attachment. In either case, the right of action upon the bond set out as the foundation of the first cause of action was barred when this action was commenced. More than five years had elapsed from the date that the district court dissolved the attachment and discharged the property before the plaintiffs in error commenced this action. The defense of the statute of limitations was well pleaded as to the first cause of action, and the court properly overruled the demurrer thereto, or, rather, the demurrer should have been carried back and sustained as to this cause of action.

One of the allegations in the petition in the second cause of action is: "That in 1891 the plaintiffs in

error commenced an action on the second cause of
action set out in the petition, which action, on June
11, 1894, failed otherwise than upon its merits, and
was dismissed as to the defendant in error without
prejudice." This allegation seems to have been ac-
cepted by the parties as a sufficient statement of the
fact to bring the pleading within the exception of the
statute, and we shall so treat it.   If the remedy as to
this cause was not barred at the time of the com-
mencement of the action which failed, the plaintiffs
in error had one year from June 11, 1894, to com-
mence their action again.   It was commenced June
18, 1894 ; consequently within the year.

It is ably argued by counsel for defendant in error :
(1) That this action was upon an attachment bond,
therefore an action upon a liability created by the
statute other than a forfeiture or penalty, and would
be barred within three years from the time the cause
of action accrued ; (2) that the petition states a cause
of action for taking, detaining and injuring personal
property, which was barred under the two-year-
statute of limitations ; that the wrongs charged in
plaintiff's petition were a trespass upon real estate
and the taking and detaining of personal property,
and the cause of action, if any, accrued at the date of
such taking, and the statute would run from that
time.   In support of this position, we are referred to
*Ryus v. Gruble*, 31 Kan. 767, 3 Pac. 518, and *Comm'rs
of Graham Co. v. Van Slyck*, 52 id. 622, 35 Pac. 299.
Special emphasis is put upon the decision in the
former case.   That was an action upon a sheriff's
bond to recover damages for selling personal property
under a void execution.   The court said : "The
wrongs charged in the plaintiff's petition as the

foundation for his present action are a trespass upon real property and the taking, detaining and selling of personal property." 'Our statute provides "that an action for taking, detaining or injuring personal property" must be brought within two years. It is universally held that an action upon an official bond matures at the time of the breach, and the breach in this bond being the wrongful seizure of personal property, the two-year statute was properly applied.

The case of *Comm'rs of Graham Co. v. Van Slyck,* supra, was an action upon the official bond of the county clerk. The breach alleged was that the defendant had neglected to turn over certain moneys in his possession which belonged to the county. This was purely a statutory duty, and, under the rule that an action upon an official bond matures at the time of the breach, the three-year statute of limitations, within which an action upon a liability created by the statute other than a forfeiture or penalty must be brought, was properly applied.

The present action, however, does not fall within the principle of either of the above-cited cases. This is not an action for the taking, detaining or selling personal property, nor is it an action upon a statutory liability, but upon a written obligation given in a special proceeding. The wrong complained of is the obtaining of an order of attachment. The conditions of the bond are that the plaintiffs shall pay to the defendants the damages which the defendants may sustain by reason of such attachment if the order be wrongfully obtained. The obligation of defendant in error upon the bond is purely contractual; it is not remote or ultimate, but immediate, arising from the

instrument executed by the parties who are sought to be charged in favor of those to whom it was given and who now seek to enforce it.

The plaintiff's cause of action matured when the district court determined that the order of attachment was wrongfully issued, and thereafter the plaintiffs in error had five years within which to commence their action. An action on the bond could not have been maintained until after it was determined that the order of attachment was wrongfully obtained. Mr. Drake, in his work on Attachment, section 162a, says : "Where the bond is to pay all damages sustained 'by reason of *the attachment*, if the order is wrongfully obtained,' no action will lie on it until the attachment shall have been discharged, and such final disposition of it must be alleged."

In *Eckman v. Hammond*, 43 N. W. (Neb.) 397, which was an action on an attachment bond, the court, in the opinion, used the following language :

"We think the law is pretty well settled that when an attachment proceeding is instituted against a party upon whom service of summons is made, and who appears, or might have appeared, in the action, in order to maintain an action upon an attachment bond, it is necessary that he allege in his petition, and prove upon the trial, that the attachment has been discharged."

In *Nolle v. Thompson*, &c., 60 Ky. 121, it was said in the syllabus : "It is well settled that no action will lie on an attachment bond, or for maliciously suing out an attachment, until the attachment shall have been discharged, and such final disposition of it must be alleged."

We are of the opinion that the trial court erred in overruling the demurrer to the third defense to plaintiff's second cause of action. The cause is reversed,

with instructions to sustain the defendant's demurrer to plaintiff's first cause of action, and to sustain plaintiff's demurrer to the third defense to his second cause of action.

JOHNSTON, CUNNINGHAM, JJ., concurring.