No. 21,769.

THE CAPITAL IRON WORKS COMPANY, *Appellee,* v. JOHN KASPAR (THE CHICAGO BONDING AND SURETY COMPANY, *Appellant*).

SYLLABUS BY THE COURT.

PUBLIC BUILDING—*Indemnity Bond—Statute of Limitations.* The terms of a bond given in connection with a contract for the erection of a public building, considered, and *held,* the bond was one to supersede mechanics' liens, to which the general statute of limitations applies.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed March 9, 1918. Affirmed.

*John T. Harding, B. F. Deatherage, David A. Murphy,* and *Spencer F. Harris,* all of Kansas City, Mo., for the appellant.

*T. F. Garver,* and *R. D. Garver,* both of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a bond given in connection with a contract for the erection of a public building. A demurrer was sustained to the answer, which pleaded

the statute of limitations. Judgment was rendered for the plaintiff, and the defendant appeals.

The bond recited that the principal and surety were bound to the state of Kansas for the use of all persons in whose favor liens might accrue by virtue of section 1, chapter 183, of the Laws of 1909, and that if the principal should pay all claims which might be the basis of liens, and should pay all indebtedness incurred for labor and material furnished to erect the building, the bond should be void. The answer was that the bond was exacted under the law requiring a bond conditioned to pay all indebtedness incurred for labor or material furnished to erect the building; that the bond sued on was the only bond required; that the bond was duly filed in the office of the clerk of the district court; that the building was completed more than six months before the action was commenced, and hence the action was barred by the special statute of limitations contained in section 7570 of the General Statutes of 1915. The argument is that section 1, chapter 183, of the Laws of 1909, is permissive. The contractor may give the bond there provided for, and should he do so the bond takes the place of the security afforded by mechanics' liens. To such a bond the general statute of limitations applies. Section 7569 of the General Statutes of 1915 is mandatory, and requires public officials to take a bond conditioned for payment of all indebtedness incurred for labor and material furnished. The presumption is the mandate was observed. The allegations of the answer are that the bond was given as required by law, and no other bond was given. These allegations were admitted by the demurrer, and the special statute of limitations referred to must apply.

The terms of the bond could not be changed by allegations of the answer respecting its nature and purpose. The instrument speaks for itself. It was clearly a bond to supersede mechanics' liens. The answer does not charge that the plaintiff was not a party interested in such security, and consequently the special limitation applicable to suits on general bonds for the payment of labor and material debts does not apply. Probably the bond was sufficient to comply with section 7569 because of the added condition to pay all indebtedness incurred for labor and material. If so, the validity of the instru-

ment for other purposes of security was not impaired. If not, the defendant cannot escape liability on this bond because another was not also taken.

The judgment of the district court is affirmed.