Wilson v. Drainage District.

---

No. 24,170.

MARION B. WILSON, *Appellee*, v. DRAINAGE DISTRICT No. 2 OF DONIPHAN COUNTY, *Appellant*.

SYLLABUS BY THE COURT.

CONTRACT—*Construction of Drainage Ditch—Supervision of Engineer—Conclusiveness of His Decisions.* This language in a contract for the construction of a ditch is held not to make the engineer's estimates of the amount of earth excavated conclusive:

"The engineer shall in all cases determine the quantities of the several kinds of work to be paid for under this contract, and he shall decide all questions as to lines, levels, etc. Any doubt as to the plans and specifications will be explained by the engineer and his interpretation shall be final and binding upon the parties hereto."

Appeal from Doniphan district court; WILLIAM I. STUART, judge. Opinion filed March 10, 1923. Reversed.

A. L. Perry, of Troy, Bennett R. Wheeler, S. M. Brewster, and John L. Hunt, all of Topeka, for the appellant.

Arthur C. Bell of Troy, Kendall B. Randolph, and John P. Randolph, both of St. Joseph, Mo., for the appellee.

The opinion of the court was delivered by

MASON, J.:    Marion B. Wilson under a written contract with
Drainage District No. 2 of Doniphan county constructed several
ditches, roads and levees.  At the conclusion of the work he brought
this action for the balance alleged to be due him.  The district de-
fended upon the ground that in the case of ·two ditches he had not
excavated the quantity of earth for which he made claim, and that
he had in several respects failed to comply with the specifications,
particularly in omitting in some places to leave a ten-foot berm—
space between the edge of the ditch and the embankment made
from the removed earth.  After the introduction of evidence by
both parties the court directed a verdict for the plaintiff, on which
judgment was rendered.  The defendant appeals.

Two witnesses for the defendant testified that they had made
measurements and calculated the amount of earth necessarily re-
moved (that being all for which by the terms of the contract pay-
ment was to be made), the results of which they gave, the total
being 1,852.4 cubic yards less than the quantity upon which the
plaintiff's claim was based.  Upon cross-examination, matters were
developed tending to cast doubt upon the accuracy of their figures
and to detract from the weight of their evidence.  Their testimony
was sufficient, however, to entitle the defendant to go to the jury
upon the question as to the quantity of earth for the excavation of
which the plaintiff was entitled to pay, unless the contract is to be
interpreted as making the engineer's decision on that matter final,
by virtue of a paragraph reading:

"The engineer shall in all cases determine the quantities of the several
kinds of work to be paid for under this contract, and he shall decide all ques-
tions as to lines, levels, etc.  Any doubt as to the plans and specifications will
be explained by the engineer and his interpretation shall be final and binding
upon the parties hereto."

It is of course competent for the parties to a contract to agree
that the finding of an engineer or other. designated person upon
the quantity and character of work done shall be conclusive, in
which case it can only be impeached for bad faith or what amounts
to that.  (*Atchison v. Rackliffe,* 78 Kan. 320, 96 Pac. 477; *Edwards
v. Hartshorn,* 72 Kan. 19, 82 Pac. 520; 6 R. C. L. 962-964; 9 C. J.
772-774.)  The texts just cited include these statements: ·

"But it has been said that to make conclusive the decision or certificate of
an architect or engineer requires plain language in the contract, and that an

estimate of the work done or amount due is not conclusive, in the absence of a provision in the contract to that effect." (6 R. C. L. 963.)

"It has been held that, if the contract does not provide that the architect or other person's decisions shall be final and conclusive, a provision to that effect cannot be implied." (9 C. J. 772.)

In a case involving the finality of an architect's certificate that work had been completed according to the contract it was said: "To make such a certificate conclusive requires plain language in the contract. It is not to be implied." (*Mercantile Trust Co. v. Hensey*, 205 U. S. 298, 309.)

In *Illinois Central R. R. Co. v. Manion*, 113 Ky. 7, a contract for raising the bed of the railroad contained these provisions, which are strikingly similar to those now under consideration:

"The said work shall be executed in strict conformity to the specifications and such explanatory instructions as may from time to time be given by the said chief engineer or the engineer in charge of the work. The amount of work performed under this contract shall be determined by the measurements and calculations of the engineer in charge of the work, who shall have full power to condemn and reject any and all work which, in his opinion, does not conform to the requirements hereof. Should any dispute arise between the parties respecting the true construction or meaning of the specifications, the same shall be decided by the said chief engineer, and his decision shall be conclusive and binding upon all parties hereto." (p. 12.)

The interpretation placed upon this language is shown by an excerpt from the opinion:

"It is earnestly maintained for the company that the estimates of the engineer in charge are conclusive on Manion, unless fraudulent, or so grossly erroneous as to imply fraud or a failure to exercise an honest judgment. *City of Covington v. Limerick* (19 R., 330) (40 S. W., 254) and cases cited. The contract in this case is different from that in the Limerick case. That contract provided that the decisions of the engineer should be final and binding on both parties. There is no such provision in the contract before us. It simply provides that the amount of work performed under the contract shall be determined by the measurements and calculations of the engineer in charge. This is nothing more than a stipulation for a means of determining the amount of the work, and the determination by the engineer is entitled to no more weight than a determination by the concurrent act of the two parties under a provision requiring the amount of work to be done to be settled in that way. If the engineer was guilty of fraud or made a mistake, it may be shown. Fraud or mistake is a ground for relief from a settlement made by the parties themselves, and we see no reason why the same rule should not apply to a settlement made for them by the servant of one of them alone, unless the contract expressly provides otherwise." (p. 12.)

The syllabus in *The State v. Construction Co.*, 91 Kan. 74, 136

Wilson v. Drainage District.

Pac. 905, contains this language, the phrase which we regard as of importance here being italicised:

"The parties agreed upon the architect as the person upon whose judgment and decision with respect to the character, amount and value of the work payments were to be made. In the absence of fraud *or mistake,* they are bound by his judgment and decision." (Syl. ¶ 2 (*b*).)

The practice of inserting in construction contracts a clause expressly making the decisions of an engineer or architect conclusive, where such is the purpose, is so general that its omission in a particular case suggests an inference that only a *prima facie* effect was in contemplation. In the present case the omission of the contract to say in so many words that the engineer's determination of the quantities of the several kinds of work to be paid for should be conclusive is the more significant from the fact that in the second sentence of the same paragraph the engineer's interpretation of the plans and specifications is explicitly made conclusive. We cannot construe the finality clause as applying to any ruling except upon the meaning of the plans and specifications; nor can we escape the conviction that the failure to incorporate such a clause in the sentence concerning the quantity of work to be paid for must be regarded as making a distinction in this respect between the different kinds of decisions to be made by the engineer. We conclude that the engineer's determination as to the quantity of earth excavated was not conclusive, and the question of fact in that respect should have been submitted to the jury.

The contract contained also these provisions, which in case of doubt might be thought to have some bearing on the matter; we consider them as at least consistent with the decision we have reached:

"The contractor, upon being directed by the engineer, shall remove, reconstruct, or make good at his own cost any work which the latter shall decide to be defectively executed. Any omission to condemn any work at the time of construction shall not be construed as an acceptance of any defective work, but the contractor will be required to correct any defective work whenever discovered before the final acceptance of the work."

"Payments will be made to the contractor of 90 per cent of the work completed on the first and fifteenth of each calendar month."

"Upon the completion of the work as specified above the party of the second part agrees to pay the party of the first part in accordance with the following schedule:"

It is suggested by the plaintiff that the defendant, having called the engineer as its witness, is bound by all that he said on the stand.

The rule that a party may not seek by impeachment to discredit his own witness does not mean, nor imply, that he is not allowed to present contradictory testimony. (*Deering v. Cunningham*, 63 Kan. 174, 65 Pac. 263.)

The engineer testified that the omission of the berm in some places was caused by the narrowness of the right of way provided by the defendant. No evidence was introduced to the contrary, and the fact in this regard does not appear to be disputed. We think in the situation presented the plaintiff was justified in following the directions of the engineer and keeping the embankment on the right of way although this resulted in narowing or eliminating the berm. There was no evidence in support of the other breaches of contract alleged. A new trial need therefore be had only upon the issue concerning the amount of earth the contractor had excavated.

The judgment is reversed, and the cause is remanded for further proceedings in accordance herewith.