No. 32,912

MASSACHUSETTS FIRE AND MARINE INSURANCE COMPANY, *Appellee*, v. CLYDE A. HOWE et al., *Defendants;* JOHN A. ASHWORTH, W. L. LONG and G. E. GROOMER, *Appellants*.

(58 P. 2d 473)

Opinion filed June 6, 1936.

*W. T. Chaney*, of Topeka, for the appellants.
*Frank E. Miller*, of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action on a fidelity bond executed by Clyde A. Howe, and three sureties, the terms of which were breached.

The material facts were these: On April 30, 1929, plaintiff appointed Clyde A. Howe as its agent in Topeka. Among his various duties was one of receiving certain moneys on behalf of plaintiff and remitting the same, less certain authorized deductions, on the 30th day of each month. To secure his faithful performance of this and related duties, Howe and his codefendants, Ashworth, Long, and Groomer, executed a bond to the plaintiff, dated April 30, 1929, in the sum of $500.

The relationship of principal and agent between plaintiff and Howe ended on October 2, 1930, at which time Howe was short in his monthly remittances to plaintiff in the sum of $775.97. Various belated payments and credits reduced that shortage to $577.09 at

the time this action on the $500 bond was instituted on February 6, 1934.

Plaintiff's petition alleged the pertinent facts, set out a copy of the bond, and alleged demand on the sureties and their refusal to pay.

Defendants' demurrer challenging the sufficiency of plaintiff's petition and pleading the statute of limitations was overruled. Then the three bondsmen answered with a general denial, pleading again the two-year and three-year provisions of the statute of limitations, and alleging that after Howe's default certain moneys belonging to Howe or due to him came into the possession of plaintiff and its agents in sufficient amounts to have extinguished Howe's indebtedness to plaintiff if so applied; but that plaintiff and its agents had paid the same to him and had extended credit to him without the knowledge or consent of these defendant sureties.

Plaintiff's reply contained general and specific denials of the facts pleaded in defendants' answer.

Jury waived; trial by the court; judgment for plaintiff; appeal.

The defendant sureties contend that plaintiff's cause of action was barred by the two- and three-year provisions of the statute of limitations. They argue that Howe's retention of plaintiff's moneys was conversion, a tort, and that an action thereon was barred in two years, in view of the *third* clause of R. S. 60-306, whereas this action was not begun until February 6, 1934—three years, four months, four days, after the conversion was committed. Passing this point for the moment, defendants next argue that the action was barred by the *second* clause of R. S. 60-306. On this point they cite the fact that Howe's appointment as agent for defendant was not in writing, consequently any liability impliedly resting on him towards his employer would be governed by the *second* clause of R. S. 60-306, and therefore barred in three years.

But let us look at the cause of action pleaded in the amended petition. It is not founded on conversion, nor on any unwritten contract, express or implied. It is founded on the bond and the breach of it. The written obligation of Howe and his sureties bound them to the plaintiff in the sum of $500, upon condition that—

"If the said agent, Clyde A. Howe, shall well and truly perform all and singular, the various duties pertaining to the position of trust created by said appointment, including the prompt payment of all money received for premiums, and the repayment of commissions on all unearned premiums on

policies canceled or rebated for any cause, and safely keep and deliver up, on demand, all other property as aforesaid, in accordance with said instructions, rules and regulations, and shall reimburse the said Massachusetts Fire and Marine Insurance Company for all expense occasioned by any delinquency or failure to comply with the foregoing conditions, then this obligation shall be null and void, otherwise remain in full force and virtue."

Clearly an action on such an obligation is governed by the *first* clause of the statute of limitations, which reads:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

"*First,* Within five years an action upon any agreement, contract or promise in writing." (R. S. 60-306.)

Manifestly this action was commenced within time. (*Baker v. Skinner,* 63 Kan. 83, 64 Pac. 981; 50 C. J. 200. See, also, *Iron Works Co. v. Surety Co.,* 102 Kan. 699, 171 Pac. 612.)

It is beside the point to cite cases like *Ryus v. Gruble,* 31 Kan. 767, 3 Pac. 518, and *Comm'rs of Graham Co. v. Van Slyck,* 52 Kan. 622, 35 Pac. 299. As pointed out in *Baker v. Skinner,* supra, those cases were expressly governed by other subdivisions of the statute of limitations. So, too, our recent case of *State, ex rel., v. McKay,* 140 Kan. 276, 36 P. 2d 327. It was an action on the official bond of a county treasurer, and was barred by the *second* subdivision of the statute of limitations for the all-important reason that it specifically covered the matter involved.

Another point urged by the defendant sureties is that plaintiff and its agent or agents had moneys belonging to Howe out of which plaintiff might have paid itself for his shortage. This contention is not sustained by the record.

The judgment is affirmed.