No. 39,817

NEALE CONSTRUCTION COMPANY, INC., a Corporation, *Appellant*, v. TOPEKA TOWNSHIP SEWAGE DISTRICT No. 1, a Corporation, *Appellee*.

(285 P. 2d 1086)

Opinion filed July 6, 1955.

*C. K. Sayler*, of Topeka, argued the cause, and *L. M. Ascough*, and *John A. Bausch*, both of Topeka, were with him on the briefs for the appellant.

*Lester M. Goodell*, of Topeka, argued the cause, and *Walter T. Chaney*, of Topeka, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This action, to recover an unpaid balance alleged to

be due and payable under its terms, is founded on a unit price contract entered into between the plaintiff and the defendant Sewage District for the construction of a sewer line. With issues joined on all questions relating to liability of the parties, under pleadings consisting of the plaintiff's petition, the defendant's answer and the plaintiff's reply, all as finally amended, the cause came on for trial by the district court where defendant's motion for judgment on plaintiff's opening statement was ultimately sustained. Thereafter a judgment was rendered against plaintiff on such opening statement. However, because defendant had theretofore confessed judgment in its answer for the sum of $2,861.55 the trial court gave plaintiff judgment for that amount. The appeal is from the order sustaining the motion for judgment on the opening statement, the judgment as rendered, and from an order overruling a motion for a new trial.

The opinion in this case will be simplified at the outset by reference to certain matters having to do with the disposition of the cause, about which the record discloses there is implied if not express agreement between the parties. Those having that status will now be mentioned and can be stated thus:

1. Notwithstanding the scope of the notice of appeal the fundamental and all decisive issue involved is whether the trial court erred in holding as a matter of law that appellee was entitled to judgment on the appellant's opening statement.

2. In reaching the decision just mentioned the trial court's decision was founded on the premise no issues of fact were presented for determination by the opening statement, and other facts included therein by reference, because valid provisions of the contract, which were conditions precedent to appellant's recovery, were not followed.

3. If the decision sustaining the motion for judgment on the opening statement is warranted by the record the judgment of $2,861.55 is proper by reason of the allegations of the appellee's answer confessing judgment for that amount.

4. Since appellant's opening statement specifically adopted and included by reference the allegations of its petition and all exhibits attached thereto, including the formal contract entered into between the parties, the facts alleged in the petition and such exhibits are to be regarded as a part of the opening statement and

all matters and things therein set forth must be considered together and liberally construed in determining its sufficiency.

5. Under its decisions (See West's Kansas Digest, Trial, § 109, and Hatcher's Kansas Digest [Rev. Ed.], Trial, § 69½) this court is committed to the rules (*a*) that no judgment can be rendered on an opening statement unless in the making of such statement it appears the party making it has admitted facts which necessarily and absolutely preclude his recovery and (*b*) that where in making such a statement a plaintiff admits or states facts having the force and effect just mentioned the court may close the case at once and give judgment against him.

The nature of the decisive issue on which this lawsuit depends is such that even if limits of time and space permitted it would not be necessary to detail the contents of appellant's opening statement proper or the petition and exhibits incorporated therein by reference. Instead, for informative and other purposes essential to appellate review, it will suffice to quote a factual statement appearing in appellant's own brief on which it relies to sustain its position the opening statement was sufficient to withstand the attack made against it by the motion for judgment; quote portions of the contract relied on by appellee as sustaining its position; and then direct attention to matters to which no reference whatsoever is made in the opening statement or in the petition.

The factual statement just mentioned, which we pause to note is based on averments to be found in both the opening statement and the petition, reads:

"On September 17, 1951, the plaintiff appellant Neale Construction Company entered into a written contract with the defendant appellee Topeka Township Sewage District No. 1 to construct a sewer. This sewer was to be built in an area to the southeast and southwest of the intersection of 29th Street and U. S. 75, near the south edge of Topeka, Kansas. The contract provided for varying prices according to the depth of the sewer and according to the type of soil or rock through which constructed, as well as for the number of manholes and their depths.

"The contract was based on a set of specifications and plans furnished by the appellee Sewage District to the appellant contractor. The estimated cost of construction made by the contractor appellant based on the sewer line as shown by the original plans was $19,196.33.

"The appellant contractor alleges that after the appellant's bid had been accepted and sewer construction about 33-⅓% completed on November 9, 1951, when the appellees, acting through its agent, the engineer, changed the location of the sewer line. Appellant alleges that it was ordered by defendant to

construct the line as changed on the east leg of the sewer to run about 132 feet to the west of the location shown by the plans furnished by appellee and bid on by contractor.

"The appellant alleges this first change moved the line from a straight line through dirt to a southwest angle through a rock filled creek bed. Appellant alleges that said change resulted in an entirely different and more expensive digging classification and resulted in the contractor having to work in water and mud and having to pump water.

"Appellant further alleges that the change was made after 140 feet of 8 inch pipe had been layed along the bid on the route and that it would have been more expensive to reclaim than to leave said pipe in the ground.

"Appellant then alleges that on or about January 5, 1952, the defendants, through their engineer, K. E. Rector, directed the plaintiff to alter the location of the west leg of the sewer from that bid on by the contractor. The contractor appellant alleges that that resulted in the line being approximately 12 feet to the east and in a drainage ditch, whereas the line was to have been entirely in dirt. Appellant alleges that this second change resulted in requiring use of more expensive digging equipment and working in and having to pump water.

"Appellant also alleges that it had to rework Manhole No. 8 and that the defendant Sewer District allowed another sewer district to dump water into the line prior to defendant's accepting the sewer.

"The appellant contractor sets up in its petition three important exhibits of this matter in an attempt to simplify a somewhat complicated matter. The Exhibit sets up the contract including proposals, etc. Then Exhibit B is blue print map of the sewer line drawn by an independent engineer showing (1) the entire sewer as the line was bid on; (2) Then the sewer line change as constructed from Manhole 39 to Manhole 14; (3) The changed line as constructed on the west side of U. S. 75 highway.

"The appellant then set out Exhibit C which is an itemized showing of the costs of construction in that it relates to the Manholes on the map Exhibit B and then shows the depths and computations thereon.

"The contractor alleges that he has been paid $14,508.35, leaving a balance of $24,715.79 still due."

The valid provisions of the contract (Paragraph VI.), which appellee contends create conditions precedent to appellant's recovery and were not followed, read:

"All work under this contract shall be done in good workmanlike manner and to the satisfaction of the Engineer, who shall have supervision of the work. The Engineer shall determine the amount, quality and acceptability of the several kinds of work and materials, which are to be paid for under this contract. He shall decide all questions, which may arise as to fulfillment of this contract on the part of the Contractor, or as to the intent of the contract. His decision on any question that may arise relative to this contract shall be final and conclusive as to both parties, and his approval of the work shall be a condition precedent to the final settlement and payment of the amount which may be due the contractor."

Touching matters to which no reference is made in the opening statement or petition it can be stated a careful analysis of the record discloses that neither the statement nor the petition contains allegations of any character which can be construed as avoiding or attempting to avoid the mutual contractual obligations assumed by the parties under Paragraph VI of the contract; no claim is advanced that such contractual provisions have been followed in' any respect; and no attempt is made to impeach the engineer's decision on any question arising relative to the contract upon the ground of fraud, mistake, undue influence, or any other good cause.

Appellant, ignoring the provisions of Paragraph VI of the contract, contends that the conditions and circumstances heretofore related disclose a factual dispute between the parties as to work performed and the materials furnished under the contract and the amounts due therefor. In essence its claim, when carefully analyzed, is that it was entitled to a trial on such issues without regard to whether Paragraph VI is to be construed as creating conditions precedent to the maintenance of an action on the contract. We agree the opening statement discloses issues of fact on the subject mentioned but are unable to subscribe to appellant's view those issues require judicial determination and the overruling of the motion for judgment if the provisions of Paragraph VI of the contract which, it cannot be denied were clearly before the trial court in determining the sufficiency of the opening statement, preclude appellant's recovery. The gist of all arguments advanced by appellee is that in the absence of allegations of the petition disclosing avoidance of their requirements, the provisions of Paragraph VI of the contract, must be given that force and effect, hence the trial court's action in sustaining its motion for judgment on the opening statement was not only proper but required.

Thus we come to the sole and decisive question involved in the action which, we pause to note, presents no new or startling issue. Long ago in *Board of Education v. Shaw*, 15 Kan. 33, this court announced the rule, subsequently followed and quoted with approval in *The State v. Construction Co.*, 91 Kan. 74, 87, 136 Pac. 905, this court held:

"Where the parties to a building contract agree upon an architect, and stipulate and agree to rely upon his judgment, skill, and decision as to the character, amount and value of work to be done, they must abide by his judgment and decision, or impeach it upon the ground of fraud, mistake, undue influence, or some other good cause." (Syl. ¶ 2.)

Later in *Edwards v. Hartshorn,* 72 Kan. 19, 82 Pac. 520, it held:

"A provision in a contract between a principal contractor and a subcontractor for the grading of a railroad that the work should be done under the supervision of the chief engineer of the former, who should make estimates as a basis for the payment of the work done, and that his decision as to all matters of dispute which arose between the parties should be final and conclusive, is valid; and the decision of such an umpire is *prima facie* conclusive upon all matters submitted to, and fairly and honestly decided by, him." .( Syl. ¶ 3.)

And at page 24 of the opinion said:

". . . It may be conceded that it was competent for the parties to agree that final estimates should be made by the chief engineer of the defendant and that his decision should be taken as correct and binding. Such an award or decision is *prima facie* conclusive as to all matters submitted to, and fairly and honestly determined by, the chosen umpire . . ."

See, also, *Ritchie v. City of Topeka,* 91 Kan. 615, 623, 138 Pac. 618; *Wilson v. Drainage District,* 113 Kan. 82, 213 Pac. 635; *Wheat Growers Ass'n v. Bridges,* 124 Kan. 601, 603, 261 Pac. 570, where *Edwards v. Hartshorn,* supra, is cited with approval and the rule therein announced is followed and adhered to.

For other Kansas cases, wherein the same rule is recognized and applied, see *Atchison v. Rackliffe,* 78 Kan. 320, 96 Pac. 477; *Dolman and Clark v. Kingman County,* 116 Kan. 201, 203, 226 Pac. 240.

Upon examination of the decisions of other jurisdictions there can be no doubt that the rule adhered to by our own decisions is the one followed and approved by the great weight of authority.

See, e. g., 9 Am. Jur., Building and Construction Contracts, 23, 24 §§ 33, 34, which reads:

"In building and construction contracts the parties frequently insert stipulations to the effect that the completion, sufficiency, classification, or amount of the work done by the contractor shall be determined by the architect, engineer, superintendent, or other person. Such stipulations, which have had their origin in contracts for the building of important and extensive government works and were designed to avoid harassing litigation over questions that can be determined honestly only by those possessed of scientific knowledge, are, with at least one exception, held valid. This is true even though the architect or engineer is employed by the owner unless, unknown to the contractor, he has guaranteed to keep the cost of the work below a certain sum." ( § 33. )

"A building or construction contract may provide that payment of the several installments of the contract price shall be made only upon certificates or estimates by the architect or engineer in charge as to the extent and value of the work done or materials furnished, and that final payment shall not be demandable without a certificate of completion. Where such a stipulation is made, however, the obtaining of such certificate is a condition precedent to an action to recover the sum due, unless it is shown to have been refused through

fraud, such gross mistake as would imply bad faith, or failure to exercise an honest judgment. In case of fraud, an action at law may be maintained without waiting to have the decision set aside in equity." (§ 34.)

And 12 Am. Jur., Contracts, 898 § 342, where the following statement appears:

"There is a class of cases where the article sold or the work to be done or performed is to be subject to the approval of, or to be satisfactory to, some third person, and in many instances that person is the agent or employee of one or the other of the parties to the contract. In cases of this character the approval of the party so designated becomes a condition precedent to a recovery for the price. In the absence of fraud or bad faith in the conduct of such party in respect of his approving or withholding his approval, his judgment or determination is to be accepted as final and conclusive. No mere error or mistake of judgment will vitiate his determination. The very object of his appointment is to prevent and exclude contention and litigation; and hence nothing short of fraud or mala fides in the exercise of his power to reject or approve the article contracted for will dispense with the strict legal effect of the condition precedent. . . ."

See, also, *United States v. George A. Fuller Co.,* 14 F. (2d) 813, dealing with the sufficiency of a pleading which failed to plead facts avoiding the terms and provisions of a contract containing a provision somewhat similar to Paragraph VI of the contract here involved, where it is said:

". . . In that view of the effect of the pleading, which we take, plaintiff was under the necessity of charging the Contracting Officer, or his representative with unfaithfulness; and having failed to make any charge of that kind whatsoever the petition omitted an averment necessary to the establishment of a legal wrong. The rule on that subject cannot be doubted. When parties to a contract agree on an umpire or arbitrator and give him power and authority to make settlement of the amount due from one to the other in performance, and expressly provide in the contract that his determination shall be final and binding upon both parties, neither of them can maintain an action against the other for acts or transactions based on and growing out of the contractual relation without avoiding the settlement so made for fraudulent conduct on the part of the arbitrator, or for gross mistake implying bad faith on his part or for his failure to exercise his honest judgment. (Citing numerous cases.)" (p. 827.)

For other well-recognized textbooks, legal treatises and decisions wherein the same rule is recognized, discussed and applied, see 3 Corbin on Contracts 590, 598 §§ 650, 652; Simpson on Contracts (Hornbook Series) 410 § 112; Restatement of the Law, Contracts, 448 § 303; 17 C. J. S., Contracts, 828, 846 §§ 367 (c), 371 (d); 54 A. L. R., Anno. 1255; 110 A. L. R., Anno. 137; and *Stiers Bros. Const. Co. v. Broderick,* 60 F. Supp. 792.

In the face of the foregoing authorities and under the facts and circumstances heretofore related we are forced to the conclusion the appellant's opening statement, including its petition, discloses it had failed to comply with requirements of the contract constituting conditions precedent to its right to maintain an action to recover under the terms of that instrument and contained no allegations or averments which can be construed as legally avoiding conformance with such conditions. Therefore we are constrained to hold the trial court did not err in sustaining appellee's motion for judgment on the pleadings or in the judgment rendered.

The judgment is affirmed.