No. 41,905

JOPLIN CEMENT COMPANY, a Corporation, *Appellee,* v. WHITE-LAYTON MECHANICAL CONTRACTORS, INC., a Corporation; and the TRINITY UNIVERSAL INSURANCE COMPANY, a Corporation, *Appellants.*

No. 41,906

JOHNSON SERVICE COMPANY, a Corporation, *Appellee,* v. WHITE-LAYTON MECHANICAL CONTRACTORS, INC., a Corporation; and the TRINITY UNIVERSAL INSURANCE COMPANY, a Corporation, *Appellants.*

(356 P. 2d 820)

Opinion filed November 12, 1960.

*Wayne Coulson,* of Wichita, argued the cause, and *Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Robert J. Hill, Gerrit H. Wormhoudt, Philip Kassebaum, John E. Rees, Robert T. Cornwell,* and *Willard B. Thompson,* all of Wichita, were with him on the briefs for the appellants. *Hugo T. Wedell* and *Homer V. Gooing,* of counsel.

*Charles S. Arthur, Richard D. Rogers,* and *John F. Stites,* all of Manhattan, argued the cause, and *Charles D. Green,* of Manhattan, was with them on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: On March 18, 1960, the parties filed motions to consolidate these two appeals and on March 25, 1960, the court ordered the motions allowed provided the parties stipulated in writing that the decision in one case would control the decision in the other. On April 8, 1960, such stipulation was filed and on April 13, 1960, the court approved the stipulation and ordered consolidation. Accordingly, we shall consider and decide only appeal No. 41,905 and it will control.

This appeal is from the trial court's order sustaining plaintiff's motion to strike paragraph three of defendants' answer.

Plaintiff's petition, after alleging the descriptions and corporate capacities of the parties, set out that defendant, White-Layton Mechanical Contractors, Incorporated, on February 5, 1957, entered into a contract with the state of Kansas to furnish all labor, materials and equipment necessary for the plumbing and heating portion of an agricultural engineering wing to the engineering building at Kansas State College, Manhattan. On March 11, 1957, White-Layton entered into a contract with and whereby plaintiff, as subcontractor, was to furnish necessary tools, labor, materials and equipment.

On the same date a statutory bond was executed by White-Layton, as principal, and defendant Trinity Insurance Company as surety, to the state of Kansas, covering this plumbing and heating contract which in effect was conditioned to secure the payment for "all indebtedness incurred for supplies, materials or labor furnished, used or consumed in connection with . . . construction of said public building or in making such public improvements. . . ."

Paragraph three of defendants' answer, which is here in controversy, alleged:

"For further defense, defendants allege that the general contract and plaintiff's subcontract pertaining thereto were completed more than 6 months prior to the commencement of this action, and by reason thereof, no action can be maintained by plaintiff upon the bond set forth as a part of plaintiff's petition and marked Exhibit C thereto."

The order of the trial court showing its ruling on plaintiff's amended motion to strike the foregoing paragraph three reads:

"Now on this 4th day of December, 1959, this cause comes on for hearing upon the plaintiff's amended motion to strike paragraph 3 of the defendant's answer on the grounds that the same is redundant and irrelevant to the object of this action and does not constitute a defense to this action even though proved by defendants, and the court being fully advised sustains said motion."

The question is whether this portion of the answer, if proved, would constitute a defense to plaintiff's action?

The statutes which give rise to claims such as the one presented by plaintiff herein are G. S. 1949, 60-1413 and 60-1414. Section 60-1413 in effect provides that under state laws when any public official contracts in any sum exceeding $100.00 with any person or persons to make any public improvements, or to construct any public building or repair the same, such official shall take from the party contracted with a bond with good and sufficient sureties to the state of Kansas in a sum not less than the sum total in the contract, conditioned that such contractor, or subcontractor, shall pay all indebtedness incurred for supplies, materials or labor furnished, used or consumed in connection with or in or about the construction of such public building, or in making such public improvements. Section 60-1414, in substance, provides that such bond shall be subject to the approval of the clerk of the district court, and filed in the office thereof, in the county in which such public improvement is to be made or such public building is to be erected. If, when such bond is approved and filed, previous liens have already been filed, they shall be discharged and no further liens shall attach. Provision is also made that any person having money due for labor or material, as stated in the preceding section, can sue on the bond provided, "That no action shall be brought on said bond after six months from the completion of *said public improvements or public buildings.*" (Emphasis supplied.)

Defendants contend the completion of White-Layton's contract with the state and plaintiff's subcontract with White-Layton marked the commencement of the running of the six months' limitation while plaintiff contends the full and final completion of the agricultural engineering wing of the engineering building at Kansas State College marked the commencement of the running of the six months' statutory limitation.

Defendants also contend the trial court's order sustaining plaintiff's amended motion to strike is a final order because it deprives defendants of a meritorious defense which, if supported by the evidence, would defeat plaintiff's cause of action, which is substantially the rule followed by this court in a long line of decisions and recently stated in *Rockhill, Administrator v. Tomasic,* 186 Kan. 599, 352 P. 2d 444, as follows:

"A motion to strike rests in the sound judicial discretion of the district court, and an order sustaining such a motion must constitute a final order to

be appealable, and to constitute a final order it must affect a substantial right and in effect determine all or a part of the suit or, in the case of an answer, deprive the defendant of a meritorious defense which, if supported by evidence, would defeat the plaintiff's cause of action, or a part thereof.

"For the purpose of a decision on a motion to strike an affirmative defense pleaded in an answer as insufficient in law, well pleaded allegations will be taken as true." (Syl. ¶¶ 1 & 2.)

Plaintiff counterattacks this contention by arguing, in substance, that the stricken part of the answer did not follow the wording of the statute, since it referred merely to completion of the "general contract" and "plaintiff's subcontract," and was therefore irrelevant and presented no defense, or meritorious defense, to plaintiff's action; that when attacked by the motion to strike, paragraph three was properly ordered stricken. Further, plaintiff states such order was not a final order for the reason it was not a meritorious defense.

Thus we are confronted with a two-fold proposition. Was the completion of the plumbing and heating portion of the agricultural engineering wing at the time of furnishing the last equipment, tools, material, supplies and labor by the plumbing company and plumbers, or was the completion of the *entire* agricultural engineering wing the beginning of the six months' period *"from the completion of said public improvements or public buildings"*? (Our emphasis.)

The statute was enacted for the protection of laborers and materialmen who are not paid and who are not protected by liens on public work as they are on private work under G. S. 1949, 60-1401 and 60-1402. The rule involving G. S. 1949, 60-1413 and 60-1414 has been quite fully treated in a number of cases including *Iron Works Co. v. Surety Co.*, 102 Kan. 699, 171 Pac. 612; *Dickey v. Guaranty Co.*, 107 Kan. 605, 193 Pac. 346; *Road Supply and Metal Co. v. Bechtelheimer*, 119 Kan. 560, 563, 240 Pac. 846; *Weber Implement & A. Co. v. Dubach*, 132 Kan. 309, 315, 295 Pac. 979; and *Cavanaugh v. Globe Indemnity Co.*, 141 Kan. 774, 776, 44 P. 2d 216. The foregoing cases are interesting and support the above rule of law but they are of little help in determining the major problem here.

Plaintiff calls our attention to *Hull v. Bonding Co.*, 86 Kan. 342, 120 Pac. 544, where, on about July 3, 1908, another contractor made the required statutory bond to the state as a result of a construction contract for the erection of a mechanical engineering building at the then Kansas State Agricultural College, Manhattan. The con-

tractor abandoned the work on April 17, 1909, but the state let a new contract in June, 1909, whereby the building was completed. The action by subcontractors to recover under the bond was commenced on January 17, 1910, and the matter for appellate review was that if the contract abandonment started the six months' period to run, the action was brought too late; otherwise the judgment which plaintiff had obtained had to be upheld. This court, in affirming the judgment, there stated:

"A contractor who in violation of his agreement abandons work upon a building, refusing to complete it at all, might be estopped to assert in his own behalf that it was not completed, but he can not by that course of conduct compel his creditors to accept that view. No reason is apparent why as against him they may not rely upon the language of the statute, and consider the building as completed when it is actually finished—no matter by whom. Nor does there seem to be any hardship in holding that the surety has assumed an obligation coextensive with that of the principal. In this case the surety is not entitled to any more liberal treatment than the principal. The rule that sureties are favorites of the law does not apply. A corporation engaged in giving bonds for profit is essentially an insurance company." (p. 345.)

Defendants rely on *W. S. Dickey Clay Mfg. Co. v. Snyder*, 138 Kan. 146, 23 P. 2d 592, wherein two completely separate, distinct and independent sewer improvement contracts with bonds for each were executed but in our case we have only one public building and one public improvement and that is the agricultural engineering wing. If we were to adopt defendants' theory, the statutes under consideration would be materially changed because by breaking down public improvements and public buildings into separate parts (a few of which could be glass work, paint, finish carpentry, rough carpentry, electrical, etc.) and holding that the six months' limitation started to run when each laborer, materialman, and such, furnished his last work or material, the statutes would be defeated.

It is apparent from the record that the contract and bond under consideration covered only a portion of the wing of the building to be constructed. Be that as it may, we think the legislature by these statutes definitely made clear that in a construction project of this kind the bond had to be for the entire wing to be constructed and in this event, the entire wing would have to be completed before the six months' limitation would begin to run during which laborers and materialmen could file suits on the bond. We cannot say, as contended by defendants, that when, for convenience or some

other reason, the state and contractors decide to enter into more than one contract and make a bond for each, whereby an entire wing would be completed, this situation could have a different result from one where there was one bond, as above stated, because the entire wing would have to be completed.

An interesting case which deals with completion of contracts for government building and construction is *Neale Construction Co. v. Topeka Township Sewer District No. 1,* 178 Kan. 359, 364, 285 P. 2d 1086, and while our present statutory questions were not there concerned, it is pointed out that if so stipulated, the final determination in regard to *completion,* sufficiency, classification, etc., of the work required under a contract shall be made by the architect, engineer, superintendent, or other person.

We conclude the trial court was correct in sustaining plaintiff's amended motion to strike paragraph three of defendants' answer.

Affirmed.