No. 42,926

BAYER CONSTRUCTION COMPANY, INC., *Appellee,* v. WHITE-LAYTON MECHANICAL CONTRACTORS, INC., and TRINITY UNIVERSAL INSURANCE COMPANY, *Appellants.*

(376 P. 2d 930)

Opinion filed December 8, 1962.

*Robert T. Cornwell,* of Wichita, argued the cause, and *Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Robert J. Hill, Gerrit H. Wormhoudt, Philip Kassebaum, John E. Rees, Willard B. Thompson,* and *David W. Buxton,* all of Wichita, were with him on the briefs for the appellants. *Hugo T. Wedell* and *Homer V. Gooing,* of counsel.

*Charles D. Green,* of Manhattan, argued the cause, and *Charles S. Arthur,* also of Manhattan, was with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action on a statutory bond pursuant to G. S. 1949, 60-1413 and 60-1414, by plaintiff (appellee) Bayer Construction Company, Inc., a subcontractor, against defendants (appellants) White-Layton Mechanical Contractors, Inc. and its surety, Trinity Universal Insurance Company, to recover the unpaid balance due on the subcontract.

The case was submitted to the trial court on a written stipulation of facts. The trial court entered judgment for the plaintiff, and the defendants appeal.

The pertinent portion of the stipulated facts can be summarized as follows:

In the latter part of 1955 the Board of Education of Manhattan undertook the construction of a high school. The plans and specifications for the project were all prepared by architects F. O. Wolfenbarger & Associates of Manhattan, or by special consultants, on commission with the Board of Education.

The plaintiff and the board entered into a contract in September, 1955, whereby the plaintiff was to do the excavating, grading and site preparation work as required by the written plans and specifications. On March 1, 1956, the board entered into contracts with three different companies to do the following, as required by the written plans and specifications: (1) to perform the structural work on the school building, (2) to furnish and install all electrical facilities in the building and (3) to furnish and install the plumbing and heating facilities in the building. The defendant, White-Layton, received the contract for the plumbing and heating facilities in the building.

In April of 1956 the plaintiff and defendant entered into a subcontract for plaintiff to perform a portion of the plumbing and heating work that the defendant had previously contracted to do. The plaintiff furnished the last labor or material in performance of this subcontract in July, 1957, and defendant was indebted to the plaintiff in the sum of $2,814.71 on this contract, which gives rise to this action against the defendant and its surety on the bond posted in accordance with the aforementioned statute.

In July, 1956, the board entered into another contract with de-

fendant White-Layton which obligated it to furnish and install the water lines and fire hydrants as required by the written plans and specifications. In July, 1957, the board entered into a contract with another firm for the construction of sidewalks, paving and surfacing surrounding the building as required by the written plans and specifications.

Statutory bonds were given for each of the aforementioned contracts and the contracts were completed and payment received by the contractors prior to March 21, 1958, when the board entered into a contract with the Blueville Nursery. This contract obligated the nursery to landscape the area surrounding the building and to perform maintenance thereon until such time as the landscaping was completed as required by written plans and specifications. The contract was completed October 29, 1959, and the nursery received final payment.

The present action was commenced August 11, 1959, approximately two months prior to the completion of the nursery contract for landscaping. In its memorandum opinion the trial court properly stated that the parties conceded the sole question for this court to decide is: Was the action brought in time? It is agreed that White-Layton is indebted to plaintiff in the sum of $2,814.71 and that plaintiff is entitled to judgment as prayed for in its petition if it is determined its suit was brought in time.

The plaintiff contends that the landscaping, which was not completed until approximately two and one-half months after this suit was filed, was an essential and integral part of the over-all public improvement and, consequently, that plaintiff had six months after the completion of the landscaping surrounding the building, as aforementioned, in which to bring an action on the statutory bond for the recovery of the amount due under its contract with defendant White-Layton.

The defendants maintain that since the contractor doing the structural work on the building completed his contract in January, 1958, some three months before the nursery contract was let, that such date was the completion of the project or public improvement as contemplated by section 60-1414, and that the time within which plaintiff could bring suit on the bond commenced to run at that time.

Section 60-1413 provides, in effect, that when any public official shall enter into a contract in any sum exceeding $100 with any per-

son or persons for the purpose of making any public improvements or to construct any public building, such official shall take from the party contracted with a bond with good and sufficient surety to the State of Kansas in a sum not less than the sum total of the contract, conditioned that such contractor or subcontractor shall pay all indebtedness incurred for supplies, materials or labor furnished, used or consumed in connection with or by the construction of the public building or in making such public improvements.

Section 60-1414 provides that no action shall be brought on the bond after six months from the completion of the public improvements or public buildings.

Defendants' contention in the instant case regarding the six months' proviso in section 60-1414 is almost identical to defendants' argument in our recent opinion in *Joplin Cement Co. v. White-Layton Mechanical Contractors,* 187 Kan. 268, 356 P. 2d 820, in which this court stated that if the bond taken by the public official covered the entire construction project, the entire project would have to be completed before the six months' limitation of 60-1414 would begin to run. We further stated:

". . . We cannot say, as contended by the defendants, that when, for convenience or some other reason, the state and contractors decide to enter into more than one contract and make a bond for each, whereby an entire wing would be completed, this situation could have a different result from one where there was one bond, . . . because the entire wing would have to be completed." (pp. 272, 273.)

The *Joplin Cement* case is decisive in determining the appeal in the instant case. We agree with the able trial judge that if public officials take only one bond for the entire project, the entire project must be completed before the six months' proviso of section 60-1414 starts to run. If for convenience, or some other reason, the public officials decide to enter into more than one contract for the building of a public improvement and take a bond for each, the same rule applies. The completion of each of the contracts for the building of the various parts of the public improvement does not start the running of the limitation period provided by the statute. It is the completion of the public improvement or public building *in toto* according to plans and specifications that commences the running of the statute.

The scope of any construction project or public improvement is necessarily determined by the plans and specifications. The defendants' contention that the landscaping contract was a separate im-

provement in itself must fail by reason of the stipulated facts. Each of the contracts let obligated the contractor or subcontractor to perform his obligations as required by the written plans and specifications on the property where the board proposed to construct a high school. There is nothing in the stipulation of facts to indicate that there were separate plans and specifications made for each of the separate contracts. We think that the stipulation clearly discloses that the plans and specifications covered all of the contracts in question and all of the contracts were let in accordance therewith.

Inasmuch as plaintiff commenced the instant action before the landscaping was completed, the suit was filed within the period of time provided in section 60-1414.

Defendants' contention that we held in the *Joplin Cement* case, *supra*, that public officials could let but one contract and take only one bond for a public improvement is not a proper interpretation of the language used therein.

In view of what has been said, the judgment in the instant action is affirmed under authority of *Joplin Cement Co. v. White-Layton Mechanical Contractors*, supra.

It is so ordered.